**EXHIBIT 1**

**STATE OF ALABAMA**

**COUNTY OF MONTGOMERY**

## AFFIDAVIT OF SUSAN G. JAMES

I, Susan G. James am a licensed attorney and have been since April, 1987. I am admitted in the following courts: in all state courts in Alabama; all federal district courts in Alabama; the United States District Court, Western District of Michigan; the United States District Court, Eastern District of Michigan; the United States District Court, Eastern District of Wisconsin; the United States District Court, Eastern District of Texas; the District of Arizona; the United States District Courts, in the Central and Southern Districts of Illinois; the United States District Court Eastern District of Arkansas, and the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Circuit Courts of Appeal. I am also admitted to practice in Supreme Court of the United States and the United States Tax Court.

I was initially retained to represent Adrian Moultry in cases pending in Pike County, Alabama. As a result of Moultry being a felon in possession of a firearm his case was transferred to the Middle District of Alabama where he was prosecuted for possession and distribution of a controlled substance, possession and use of a firearm during a drug transaction, and felon in possession of a firearm.

A fairly extensive suppression hearing was conducted based on Moultry's arrest and the seizure of evidence. Two law enforcement officers testified contrary to Moultry's assertions. His motion to suppress was denied. Given the state of the evidence, counsel felt that Moultry would certainly be convicted. Counsel advised him of his rights, ranges of punishment, and possible sentencing enhancements. Moultry indicated a desire to cooperate with the government in the investigation, and prosecution of other criminal wrongdoers. Given that this appeared to be a viable option, Moultry decided on his own volition to plead guilty to the charges and cooperate with the government.

The undersigned represented Moultry throughout the plea and sentencing proceedings.

Counsel was successful in negotiating a Rule 11(c)(1)(C) plea. The government agreed to a bottom end of the guidelines sentence at 262 months, acceptance of responsibility, and consideration of a 5K1 or Rule 35 based on cooperation.

Based on the concession of the government, as noted above, Moultry waived his right to appeal and to collaterally attack his sentence with the exception of ineffective assistance of counsel, and prosecutorial misconduct.

Moultry was sentenced on February 10, 2005 to 132 months on Count 1, 132 months on Count 2, and 60 months on Count 3 for a total of 192 months. It was 70 months less than that noted in the plea agreement that would be recommended by the government of 262 months.

Counsel did not file a notice of appeal or appeal Moultry's conviction based on his agreed waiver of his right to appeal. Further, based on Moultry's cooperation and his on-going status as a cooperating individual with the government, it did not appear appropriate to try to void an otherwise reasonable plea agreement under the circumstances. Additionally, the state of the record did not indicate that Moultry had failed to enter a knowing and voluntary plea.

Counsel has been directed by this court to respond to Moultry's 28 U.S.C. §2255 claims of ineffective assistance of counsel. Counsel has reviewed Moultry's pro se pleadings and as best she understands he has filed a broad ineffective assistance of counsel claim indicating that he can show both cause and prejudice and that with effective counsel the outcome of his case would have been different.

While counsel does not agree with the bulk of Moultry's arguments and citations to authority with regard to the 28 U.S.C. §2255 claims, counsel does concede that she was ineffective as to one portion of Moultry's sentencing.

2

However, counsel must first address Moultry's claims in turn beginning on page 4 of his 28 U.S.C. §2255:

No. 1 - He contends counsel failed to give a constitutional objection or regular objection to use of prior convictions to enhance petitioner's sentence under 924(e). It appears to counsel that Moultry is confusing 924 and 922. Prior convictions have nothing to do with Moultry's plea and/or sentence as to the 924 count.

No. 2 - He argues that it appears that counsel failed to file a timely Rule 29 or 35(c) precluding the district court from considering Moultry's sentencing errors. His argument on this fails for two separate reasons. Rule 29 deals with motions for judgement of acquittal. Such would not be appropriate as relates to sentencing error. Counsel is unable to understand Moultry's claim that a 35(c) should have been filed. A clear reading of the rules would suggest that any reference to a Rule 35(c) would not be the appropriate remedy under the circumstances in this case.

Further, it should be noted that counsel did file a Rule 35(a) on behalf of Moultry once the sentencing errors became known. These will be addressed further.

No. 3 - Moultry contends that counsel did not raise an *Apprendi, Blakely, Booker, FanFan, Shepherd, or Almendarez-Torres* claim at sentencing or on direct appeal. Moultry's reasons for not filing a direct appeal have been noted previously. It is incorrect that counsel failed to raise *Apprendi, Blakely, FanFan, Shepherd* and *Almendarez-Torres* . Counsel in response to the courts directive filed a *Blakely* sentencing motion wherein *Apprendi* and *Almendarez-Torres* were clearly raised.

No. 4 - He claims failure to investigate according to the ABA guidelines and mitigating evidence. Counsel categorically denies this. Counsel investigated all of Moultry's possible avenues of relief. This included pretrial motions, suppression hearings, sentencing research, and trial research. Counsel spent a very substantial amount of time, albeit uncompensated, to ensure

3

that Moultry received fair treatment and good representation.

No. 5 - Moultry contends that counsel failed to make a constitutional objection when the court committed plain error in treating the sentencing guidelines as mandatory. Counsel has not obtained a copy of the sentencing transcript in this case and does not plan to do so knowing that the court will order the same. However, counsel is confident that given Moultry's sentencing on February 10, 2005, slightly less than one month after the January 12, 2005 release of Booker, that she certainly reminded the court that the guidelines were advisory and made an argument in that regard.

Counsel, as noted earlier, does, however, concede ineffective assistance of counsel as relates to one specific sentencing issue and as such believes that Moultry should be resentenced.

Counsel's concession as to ineffective assistance is most clearly set out in Moultry's motion to reopen sentencing pursuant to Federal Law of Criminal Procedure 35(a) attached hereto as Exhibit 2. This was filed with the court on February 17, 2005, seven days after Moultry was sentenced. The government filed in opposition.

The district court entered an order on March 24, 2005 denying Moultry's request to reopen because the court had not ruled within 7 days since the sentencing was orally announced and that the court was without jurisdiction.

As noted in the courts order denying the reopening, information provided in the presentence report on prior convictions caused the undersigned to make a strategic decision based on the state of the record in Moultry's case to forego the armed career offender argument in exchange for the government's concession that career offender did not apply. At the time that decision was made it was clear that the position of counsel placed Moultry in a better position. Counsel, based on information in the presentence report, made this decision. There was, however, additional information that was provided to the court upon the court's request and

4

provided to counsel, post sentencing, that provided strong evidence that Moultry's burglary convictions were functionally consolidated during the state's sentencing proceedings. The court went on further to note that even without the government's concession Moultry was likely not subject to the career criminal enhancement. If this in fact is true, then the basis upon which counsel advised Moultry and handled his sentencing was based on an erroneous understanding of what the actual facts and circumstances were. Had Counsel obtained the documents that were provided to the court upon request, Moultry would have clearly and vigorously pursued his original objections to the armed career criminal enhancement under the guidelines and the ACCA. However, at the time of sentencing counsel did not know that substantial evidence existed and that his prior burglary convictions were functionally consolidated in state court.

Moultry filed the 35(a) within the seven days required under the rule. However, this court, in its opinion of March 24, 2005, noted "Moultry's motion brings to light a subtle but important requirement of Rule 35(a). The threshold question presented as to whether Rule 35(a) requires a sentencing court to correct errors and independent sentence within seven days after the sentence was orally pronounced. The district court, in reliance upon the law, held that such was required and the fact that the court did not correct the sentence within 7 days Moultry was not entitled to have his motion reopened considered.

As noted by the court in its order "it states that the effect of the factual inaccuracy contained in Moultry's presentence report is not necessarily obvious and technical but instead requires several inferential steps to discover." It is apparent based not only on the district court's order of March 24, 2005 and the facts and circumstances surrounding this case, that counsel's concession that Moultry was subject to the ACCA based on information was erroneously contained within the presentence report that counsel was ineffective at Moultry's sentencing. Moultry should be resentenced, absent the armed career offender and career offender provisions.

The undersigned will be happy to testify at a sentencing proceeding on Moultry's behalf in this regard.

5

This affidavit is true to the best of my knowledge, information, and beliefs.

*Susan G. James*
NOTARY PUBLIC

Sworn and subscribed before me this  14th  day of February 2006.

_____
Notary Public

My commission expires  03-27-07

6