**EXHIBIT 2**

Motions
2:03-cr-00267-MHT-DRB USA v. Moultry **CASE CLOSED on 02/16/2005**

# U.S. District Court

# Alabama Middle District

Notice of Electronic Filing

The following transaction was received from James, Susan Graham entered on 2/21/2005 at 3:57 PM CST and filed on 2/21/2005

**Case Name:**      USA v. Moultry
**Case Number:**    2:03-cr-267
**Filer:**          Dft No. 1 - Adrian Moultry
**Document Number:** 88

**Docket Text:**
MOTION to Amend/Correct by Adrian Moultry. (James, Susan)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=2/21/2005] [FileNumber=310178-0]
[80f14fc15a727e93583e7130998b8dc55e259ebf071a9a0d538f9561b3242d22ecf4
08c8bbccff58e6503fab59a744e622c4e46dea05450b248e10a1825c7d71]]

**2:03-cr-267-1 Notice will be electronically mailed to:**

John T. Harmon    john.harmon@usdoj.gov, roby.ford@usdoj.gov;stacey.vanalst@usdoj.gov

Susan Graham James    sgjamesandassoc@aol.com

Matthew S. Miner    matthew.miner@usdoj.gov, debbie.shaw@usdoj.gov

**2:03-cr-267-1 Notice will be delivered by other means to:**

Adrian Moultry
Montgomery City Jail
Post Officr Box 159
Montgomery, AL 36101-0159

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| Plaintiff, | * |
| v. | *    CR No. 03-267-N |
| | * |
| | * |
| ADRIAN MOULTRY, | * |
| Defendant, | |

## MOTION TO REOPEN SENTENCING PURSUANT TO FEDERAL RULE OF CRIMINAL RULE OF PROCEDURE 35(a)

Comes now Adrian Moultry by and through undersigned counsel and files this his motion requesting that his sentencing be reopened and corrected pursuant to Federal Rule of Criminal Procedure 35(a) and in support thereof states the following:

1. The undersigned represented Moultry in negotiating a plea of guilty.

2. Moultry was sentenced by this court on February 10, 2005. Moultry received a sentence of 192 months.

3. During the course of the hearing (which spanned over two days), the undersigned made a strategic decision to forego an argument on the Armed Career Offender Enhancement pursuant to the Sentencing Guidelines in exchange for the Government's concession that the Career Offender Enhancement should not apply.

4. Counsel on behalf of Moultry had initially objected to both enhancements. Given counsels impression of the courts reaction and questioning with regard to the necessary elements of relatedness she believed that it was probable that Moultry would lose on his objection to the

application of the Armed Career Offender. Counsel in analyzing application of the Armed Career Offender and the Career Offender Enhancements determined that Moultry's sentence would be less if the Career Offender provision did not apply. This was in fact true given the Court's computation of the guidelines, that of the Probation Office, and the sentence that was imposed.

5. Toward the conclusion of the hearing the Court directed Counsel's attention to the case of United States v. Sweeting, 933 F.2d 962 (11th Cir. 1991). Counsel, having previously represented Kelly Pope (132 F.3d 684, 11th Cir. 1998) on a 28 U.S.C. §2255 in the Middle District of Georgia, was familiar with the Eleventh Circuits ruling in Pope with regard to a separate offenses. Specifically, this pertained to separate burglaries that Pope contended should have been considered as one for purposes of sentencing. It was brought out in this court that Pope was distinguishable from Moultry in that it involved a statutory enhancement as opposed to a guideline application.

6. Nevertheless the Government argued that Moultry's ten burglary convictions in Pike County, albeit the same day, was sufficient to justify the three qualifying felonies for the statutory enhancement and application of the Armed Career Offender Enhancement.

7. Counsel in making all of these decisions with regard to Moultry's case relied on information from the United States Probation Officer contained within the Presentence Report regarding the prior convictions. This Court went through an inquiry regarding to certain facts and elements necessary for the offenses to be related. Counsel, however, operating under the Eleventh Circuit authority in Pope (which was more favorable in counsel's opinion than the facts in Moultry's Pike County burglary cases), was erroneously convinced that Moultry would be deemed an Armed Career Offender for statutory and guideline purposes.

2

8. Subsequent to the Court's imposition of sentence, the Court received documentation from the Clerk of the Court in Pike County regarding Moultry's prior burglary offenses which was shared with the United States Government and the defense.

9. It became apparent after reviewing these documents that Moultry's prior burglary convictions were in fact related and that the Pike County information would have provided sufficient proof for Moultry to have established that he did not have three qualifying felony convictions for purposes of either guideline application or statutory punishment.

10. Counsel had failed to familiarize herself with the functional consolidation principle recently enunciated by the Eleventh Circuit Court of Appeals which favorably impacts Moultry's situation. Further, Counsel did not obtain the documents relating to the Pike County cases (she did not represent Moultry on that case) to further support the concept of functional consolidation.

11. Given the cumulative impact of all of the above it is clear, at worst, Moultry should have two prior qualifying burglaries for purposes of sentencing and the statutory enhancement. In other words the uncontradicted evidence is that the burglaries in Pike County occurred on two separate days, August 28 and August 29. They were a common plan and scheme, common defendants, common modis operandi, common objectives, a common fence for delivery of the stolen property, and a common arrest and prosecution. All of these were charged in the same indictment and sentenced the same day with concurrent sentences.

12. The uncontradicted evidence is that there was no break in the plan except nightfall. Therefore considering the evidence in the light most favorable to the Government there were two offenses that were countable, one being the combination of the burglaries on August 28, 2000 and two being the combination of burglaries on August 29, 2000.

13. Counsel is now forced to concede that her strategic decision forgoing a challenge to the Armed Career Offender Enhancement was ill advised based on the availability of and her failure in obtaining the information that was provided to the Court from Pike County. Further, Counsel's unfamiliarity with the functional consolidation position recently taken by the Eleventh Circuit worked to Moultry's detriment.

14. Therefore it is respectfully requested that this matter be remanded and reopened for purposes of sentencing to correct this injustice. It is clear that proper objections to the Armed Career Offender statute and guidelines would have made a substantial difference in the sentence Moultry would likely receive.

15. The undersigned does not deem an appeal appropriate in this case. Further, it does not appear that a 2255 would be appropriate at this time. Therefore Moultry is seeking this relief as the only available means of ensuring justice. In the alternative, however, if the Court deems this motion inappropriate, Moultry is prepared to file a 28 U.S.C. §2255 wherein he would allege ineffective assistance of counsel as related in this motion.

16. Wherefore it is respectfully requested that this Court reopen the sentencing in this case and allow Counsel to advance these arguments.

Respectfully submitted

s/Susan G. James  
SUSAN G. JAMES  
Attorney at Law  
600 South McDonough Street  
Montgomery, Alabama 36104  
Phone: (334) 269-3330  
Fax: (334) 834-0353  
E-mail: sgjamesandassoc@aol.com  
Bar No: JAM012

## CERTIFICATE OF SERVICE

      I hereby certify that on February 20, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Matt Miner
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

Respectfully submitted,

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012

5