IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:03-00267-MHT |
| | ) | |
| ADRIAN MOULTRY | ) | |

**PLEA AGREEMENT**

DEFENSE COUNSEL:          SUSAN G. JAMES

ASSISTANT U.S. ATTORNEY:  MATTHEW S. MINER

**COUNTS AND STATUTES CHARGED**:

COUNT 1     21 U.S.C § 841(a)(1) (Poss. w/int. to dist.)
            [I]t shall be unlawful for any person knowingly or
            intentionally-(1) to ... distribute ... or possess
            with intent to ... distribute ... a controlled
            substance.

COUNT 2     18 U.S.C. § 922(g)(1)
            Possession of a firearm by a convicted felon

            It shall be unlawful for any person who has been
            convicted in any court of a crime punishable by
            imprisonment for a term exceeding one year...to
            possess any firearm or ammunition that has been
            shipped in interstate commerce.

COUNT 3     18 U.S.C. § 924(c)(1)(A)
            Using, carrying, or possessing a firearm during
            and in relation to, or in furtherance of, a drug
            trafficking crime.

            Setting forth penalties for "any person who,
            during and in relation to any . . . drug
            trafficking crime . . . for which the person may
            be prosecuted in a court of the United States,
            uses or carries a firearm, or who in furtherance
            of such crime, possesses a firearm."

**COUNTS PLEADING PURSUANT TO PLEA AGREEMENT**:

Counts 1 - 3    (As listed above)

**PENALTIES BY COUNT - MAXIMUM PENALTY**:

Count 1     A sentence of not less than 5 years, but not more than 40 years, of imprisonment, or a fine of not more than $2,000,000, or both a fine and imprisonment; not less than four years of supervised release; and a special assessment fee of $100 per count.

Count 2     A sentence of not less than 15 years, but not more than life, imprisonment, or a fine of not more than $250,000, or both a fine and imprisonment; not more than five years of supervised release; and a special assessment fee of $100 per count.

Count 3     A sentence of not less than 5 years, but not more than life, imprisonment, or a fine of not more than $250,000, or both a fine and imprisonment; not more than five years of supervised release; and a special assessment fee of $100 per count.

**ELEMENTS OF THE OFFENSE**:

Count 1     21 U.S.C. § 841(a)(1)

**First**: That the Defendant knowingly and willfully possessed the narcotic substance charged; and

**Second**: That the Defendant possessed the substance with the intent to distribute it.

Count 2     18 U.S.C. § 922(g)(1)

**First**: The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

**Second**: Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year,

2

that is, a felony offense.

Count 3            18 U.S.C. § 924(c)(1)(A):

**First:** That the Defendant committed the drug trafficking offense charged in the ~~superseding~~ indictment;

**Second:** That during and in relation to the commission of that offense, or in the furtherance of that offense, the Defendant used, carried, or possessed a firearm or firearms, as charged; and

**Third:** That the Defendant used, carried, or possessed the firearm or firearms knowingly.

* * * * * * * * * * * * * * * * * * * * * * * *

Matthew S. Miner, Assistant United States Attorney, and Susan G. James, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

## GOVERNMENT'S PROVISIONS

1. Upon the defendant's entering a plea of guilty to the offenses charged in Counts 1 - 3 of the Indictment, the attorney for the Government agrees do the following:

    a.   The Government will agree that it is appropriate

3

       for defendant to receive a 2-level reduction in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) due to his acceptance of responsibility, so long as defendant does not obstruct justice or otherwise fail to accept responsibility.

b. Should the Government find that defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one (1) level in defendant's offense level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1(b) is at the sole discretion of the United States;

c. Consistent with the foregoing, the United States will agree that the bottom end of the applicable guideline range of imprisonment is appropriate,

4

which would be 262 months of imprisonment;

  d. In addition to the foregoing, the government will agree to a reduction in the applicable offense level under the provisions of the United States Sentencing Guidelines §5K1.1 and/or Rule 35, Federal Rules of Criminal Procedure for Substantial Assistance to Authorities, contingent upon the defendant's continued assistance to authorities. The government will move for such a reduction, as detailed in this paragraph, when the defendant's assistance becomes complete. The government will have sole discretion in exercising its authority as to the timing and amount of the recommended departure.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

### DEFENDANT'S PROVISIONS

3. The defendant agrees to the following:

  a. To plead guilty to Counts 1 - 3 of the Indictment;

  b. To waive his rights to appeal and collaterally attack his conviction and sentence as detailed *infra* at paragraph 6; and

5

      c.    To provide substantial assistance to authorities, as detailed <u>infra</u> at paragraph 5.

### FACTUAL BASIS

4.    The defendant understands and acknowledges the nature of the charges to which his plea is offered, and understands and acknowledges that those charges are supported by proof as follows: (1) Defendant has been convicted of a number of felony offenses in the Circuit Court of Pike County, Alabama, including:

    (a)    Burglary, Third Degree (Case No. CC 00-346);

    (b)    Burglary, Third Degree (Case No. CC 00-347);

    (c)    Burglary, Third Degree (Case No. CC 00-348);

    (d)    Burglary, Third Degree (Case No. CC 00-349);

    (e)    Burglary, Third Degree (Case No. CC 00-350);

    (f)    Burglary, Third Degree (Case No. CC 00-351);

    (g)    Burglary, Third Degree (Case No. CC 00-352);

    (h)    Burglary, Third Degree (Case No. CC 00-353);

    (i)    Burglary, Third Degree (Case No. CC 00-354); and

    (j)    Burglary, Third Degree (Case No. CC 00-355);

(2) Defendant's civil and political rights have not been restored since the date of his felony convictions, and, therefore, defendant is prohibited from possessing a firearm; (3) on May 31, 2003, in Troy, Alabama, Defendant knowingly possessed a handgun, namely a Bryco Arms, Model Jennings Nine, 9 millimeter semi-automatic pistol, bearing serial number 1497844; (4) Defendant

was carrying that handgun under the driver's seat of his car at the same time as he knowingly possessed in excess of 17 grams of cocaine base, which was in the pocket of the front driver's door of his car; (5) the cocaine base was packaged in a number of individual plastic bags, with numerous crack rocks broken down into several smaller bags and a larger "cookie" of cocaine base in a separate bag. Defendant agrees that he did the foregoing acts knowingly and intentionally, and with the intent to distribute the cocaine base found in his vehicle. Defendant further stipulates and agrees that the foregoing conduct violated Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Sections 922(g)(1) and 924(c)(1)(A).

## COOPERATION AGREEMENT

5.  Defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement does not require the defendant to implicate any other particular individual or individuals or to "make a case," rather it requires the defendant to be truthful and to testify truthfully whenever called upon. In particular, defendant agrees to:

   a.  Cooperate fully and testify truthfully against any and all persons as to whom he may have knowledge at grand jury, trial (criminal or civil), or whenever called upon to do so;

7

     b.   Make himself available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the United States, or their designees, and to respond fully and truthfully to all questions asked of him by such persons;

     c.   Disclose fully and truthfully to law enforcement officers and attorneys for the United States any and all knowledge and information he has, including any documents or materials in his possession or of which he has knowledge, about any and all criminal activity in the Middle District of Alabama and elsewhere; and

     d.   Submit, upon request, to polygraph examinations conducted by the United States.

     e.   Provided that Defendant satisfies the terms of this Plea Agreement, any information that he truthfully discloses to the United States during the course of his cooperation, concerning related offenses, will not be used against him, directly or indirectly. Defendant understands, however, that this Plea Agreement does not bar his prosecution for capital felonies, perjury, false statements, and obstruction of justice.

     f.   Upon Defendant's fulfillment of his obligations and covenants under this Plea Agreement, including, but not limited to the Cooperation Agreement contained herein, the United States will file the requisite motion(s) for a downward departure

pursuant to U.S.S.G. § 5K1.1 and/or Federal Rule of Criminal Procedure 35.

      g. If Defendant has failed or should fail in any way to fulfill completely his obligations under this Plea Agreement, including his obligations and covenants under the Cooperation Agreement contained herein, then the United States will be released from its commitment to honor all of its obligations to him set forth in this Plea Agreement. Thus, if at any time, including, but not limited to, prior to or during his testimony before grand juries, hearings or in trials, Defendant should knowingly and willfully withhold evidence from, or provide false, or fail to disclose full and truthful, information to, the United States, its investigators, or attorneys then the United States will be free (1) to prosecute him for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute him for all violations of federal criminal law which he has committed; (3) to use against him in all of those prosecutions and sentencings the documents, materials, statements, and information that he has himself disclosed or furnished to the United States during the course of his cooperation; (4) to recommend a maximum sentence; and (5) to seek forfeiture of any and all forfeitable properties of Defendant.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

6.  Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  Defendant further expressly waives the right to appeal the conviction and sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.  This waiver does not include the right to appeal on the ground of ineffective assistance of counsel or prosecutorial misconduct.  Nor does the waiver include any such other ground as may not permissibly be waived under the law.

Notwithstanding the above, the defendant reserves the right to file a direct appeal for any upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history category) or § 5K2.0 (from offense level).  The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case.  The Government does not waive its

10

right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

### DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

7. The defendant, before entering a plea of guilty to Counts 1 - 3 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

    b. Defendant acknowledges that a breach of this federal plea agreement, to include committing another federal, state, or local offense prior to sentencing on the pending charge, will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the defendant. Defendant further understands that should he breach this agreement, this agreement will be null

and void and he will be prosecuted for all offenses of which the government has knowledge. The parties agree that the Government will be the sole authority to decided whether Defendant has breached this Agreement.

  c. The defendant further understands that, pursuant to 18 U.S.C. § 3013, a $100.00 assessment fee is to be paid by the defendant on the date of sentencing as to each count of conviction, and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

  d. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

  e. The defendant understands that the defendant has

12

the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

      f.  The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

      g.  The defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement.  The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions

between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

    h.    The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

    i.    The defendant further understands that the Government can only make a recommendation which is not binding upon the Court. Pursuant to Fed. R. Crim. P. 11(c)(5), if the Court rejects the terms of this plea agreement, the Court will "give the defendant an opportunity to withdraw the [guilty] plea[.]"

    j.    The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn, or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court

record, and in the presence of counsel.

  k. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

 8. The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the

15

defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

9. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the defendant's conduct related to the offense to which the plea is offered, as well as the defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by defendant's counsel or the U.S. Attorney.

This __22nd__ day of __April__, 2004.

> Respectfully submitted,
>
> LEURA GARRETT CANARY
> UNITED STATES ATTORNEY
>
> _/s/ Matthew S. Miner_
> Matthew S. Miner
> Assistant United States Attorney
>
> _/s/ Louis V. Franklin, Sr._
> Louis V. Franklin, Sr.
> Assistant United States Attorney

I have read the foregoing Plea Agreement, consisting of sixteen (16) pages, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

*Adrian Moultry*
Adrian Moultry
Defendant

*April 23, 2004*
Date

*Susan A. James by Debra Hollis with authorization*
Susan G. James, Esq.
Attorney for the Defendant

*4/23/04*
Date

17