IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CR. NO: 2:03-cr-267-T |
| ) | |
| ADRIAN MOULTRY    ) | |

UNITED STATES' RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO REOPEN SENTENCING
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 35(a)

COMES NOW the United States of America, by and through Leura Garrett Canary, United States Attorney for the Middle District of Alabama, and respectfully responds in opposition to Defendant's motion to reopen the sentencing hearing in this case. (Doc. 88.) Following a two day sentencing hearing last month, Defendant was sentenced pursuant to the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e), based upon the fact that he had been convicted of three prior "violent felony" offenses under the Act, which would include three convictions for burglary. Following the sentencing hearing, the Court notified the parties that it had obtained the original charging and sentencing documents relating to Defendant's burglary convictions in Pike County, Alabama. The Court provided those documents to the United States and to Defendant's counsel. In his motion, Defendant appears to argue that these documents suggest, under a "functional consolidation" theory, that Defendant does not have three prior "violent felony" convictions to support his sentence under Section 924(e). Defendant has not cited any case law to support this "functional consolidation" argument, other than to state that such a position was "recently taken by the Eleventh Circuit. . . ." (Def.'s Mot., Doc. 88 at ¶ 13.) Moreover, Defendant has failed to explain how the Court can overcome the jurisdictional and

substantive restrictions placed on a sentencing correction under Rule 35(a).

I. **THE COURT LACKS JURISDICTION TO ACT UNDER RULE 35(a)**

Defendant has moved to reopen sentencing pursuant to Federal Rule of Criminal Procedure 35(a), which is the provision for "Correcting Clear Error." The Rule states that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).

More than seven days have passed since this Court orally pronounced the sentence in this case on February 10, 2005. Accordingly, this Court no longer has jurisdiction to correct Defendant's sentence under Rule 35(a). As the Eleventh Circuit explained in United States v. Morrison, 204 F.3d 1091 (11th Cir. 2000), "[t]he seven day period set out in [then] Rule 35(c) begins to run when the sentence in a case is orally imposed, and when seven days are up, the court loses jurisdiction to correct a sentence under that subdivision of the rule." Id. at 1094. As one commentator explained regarding the amount of time allowed to address motions under Rule 35(a), "whether it acts on its own or on the suggestion or motion of a party, the court may only act within seven days after the imposition of sentence." See 3 Charles Alan Wright, et al., Federal Practice and Procedure § 585.2, at 649 (3d ed. 2004). Because more than seven days have passed, this Court is without jurisdiction to grant the relief requested in Defendant's motion. Accordingly, Defendant's motion should be denied.

## II. RULE 35(a) IS INTENDED FOR OBVIOUS ERRORS, NOT NEW OBJECTIONS

Even if the Court still had jurisdiction to address Defendant's motion, Defendant is seeking to raise new arguments and objections through a procedural device that is intended only to correct obvious errors. Prior to the 2002 amendments to the Federal Rules of Criminal Procedure, Rule 35(a) was known as Rule 35(c). See 3 Charles Alan Wright, et al., Federal Practice and Procedure § 585.2, at 646 (3d ed. 2004). As explained in Federal Practice and Procedure, "[t]his is intended to be a 'very narrow' provision for correcting 'obvious technical errors.'" Id. In drafting the text of the former Rule 35(c) in 1991, the Advisory Committee explained the very narrow intended scope of the Rule:

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under [former] Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to sentence at or before the sentencing hearing. See, e.g., United States v. Jones, 899 F.2d 1097 (11th Cir. 1990).

Fed. R. Crim. P. 35(a) advisory committee's note to 1991 Amendments. Accordingly, Rule 35(a) is not intended to be used simply to raise new arguments and seek "to reopen issues previously resolved at the sentencing hearing" or to raise new objections. Id. Because Defendant is seeking to use Rule 35(a) for a purpose that is not allowed, the Court should deny Defendant's motion, in full.

### III.   THERE WAS NO ERROR IN THE SENTENCE

Even if Rule 35(a) were to allow for challenges like Defendant's motion, the fact remains that there was no error in the sentence, much less a "clear" or "obvious" error of the type contemplated by the Rule and the advisory committee notes. Accordingly, the Court should disregard Defendant's reliance on uncited case authority and let the judgment in this case stand. It should be noted that the "functional consolidation" case law that Defendant references, but does not cite, actually deals with the "related case" inquiry under the United States Sentencing Guidelines that affects criminal history calculations and the career offender guidelines. See U.S. Sentencing Guidelines Manual § 4A1.2(a)(2) (2004) (discussing how "related" and "unrelated" prior convictions are to be treated under the Guidelines for criminal history purposes); see generally Buford v. United States, 532 U.S. 59 (2001) (discussing the "functionally consolidated" concept for purposes of analysis under the career offender guidelines of the United States Sentencing Guidelines). As the United States explained at sentencing, the Armed Career Criminal Act and the armed career criminal provisions of the United States Sentencing Guidelines do not have the same "related case" inquiry that is set forth in the Guidelines. Rather, the Armed Career Criminal Act and its statutory provisions govern application of the enhanced penalty under the Act. The terms "related" and "unrelated" are Guidelines terms that do not appear in the statute. The question under the Armed Career Criminal Act is simply whether a defendant has "three previous convictions" for "a violent felony or serious drug offense" that were "committed on occasions different from one another. . . ." 18 U.S.C. § 924(e)(1).

When compared to the career offender provisions of the Guidelines, the Armed Career Criminal Act must be viewed as a horse of a different color. It makes no difference under the

-4-

Armed Career Criminal Act whether the prior "violent felon[ies]" were charged in the same indictment or in separate indictments. See, e.g., United States v. Richardson, 230 F.3d 1297, 1298 (11th Cir. 2000) (affirming the treatment of two burglary convictions as separate felonies under the ACCA even though they were charged as two counts in the same indictment), citing United States v. Howard, 918 F.2d 1529, 1538 (11th Cir. 1991). The Eleventh Circuit has stated that the Act "does not require separate indictments; the final conviction under section 922(g) must merely be preceded by three convictions for crimes that are temporally distinct." Howard, 918 F.2d at 1538 (emphasis in original). In Howard, the Eleventh Circuit rejected a defendant-appellant's argument that his three prior burglary convictions should not trigger the application of Section 924(e) because they had been charged in the same indictment and arose out of the same judicial proceeding. Id. at 1537-38. The court found, consistent with the logic of the later-decided case of United States v. Pope, 132 F.3d 684 (11th Cir. 1998), that the sole question at issue was not whether the burglaries were charged in the same proceeding, but whether they were temporally separate. Howard, 918 F.2d at 1538.

The Howard and Richardson cases were based on an older Eleventh Circuit case that remains good law to this day. In United States v. Greene, 810 F.2d 999 (11th Cir. 1986), the Eleventh Circuit rejected the defendant-appellant's challenge to the enhanced penalty he received under the pre-1988 provisions of the Armed Career Criminal Act. Id. at 1000. The defendant argued "that there was insufficient evidence of prior burglary convictions to support the enhanced penalty, because four of the convictions that the government introduced were joined in one indictment." Id. The Eleventh Circuit found "[t]his argument is not persuasive." Id. The court explained: "The indictment alleged burglaries of four separate buildings at four separate

-5-

locations on four separate days in 1962. The conviction on four counts of burglary constitutes four separate convictions." Id.

As shown above, the fact that the ten burglary cases against Defendant were charged in a single indictment and resulted in a single sentencing proceeding – albeit each count assigned a separate case docket number – makes no difference under the controlling Eleventh Circuit case law, cited above, interpreting the Armed Career Criminal Act. The question is simply whether those ten burglaries were "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). As explained at length at sentencing, the answer to the question is "yes." The ten burglaries were all separate crimes and convictions under the Act. As the Pope case makes clear, when a defendant has a meaningful opportunity to stop his unlawful conduct after completing the first burglary, but continues to commit one or more further burglaries, the burglary convictions are viewed as temporally separate. As the Eleventh Circuit explained in Pope, "[b]ecause Pope had completed his first burglary when he made the decision to commit the second burglary by breaking into another office 200 yards away, the two crimes were committed on 'occasions different from one another.'" Id. at 692.

WHEREFORE, the United States respectfully requests that the Court deny Defendant's motion in full and let the judgment in this case stand. Because more than seven days have passed since sentencing, this Court lacks jurisdiction to grant the relief Defendant seeks. Moreover, Defendant is misusing Rule 35(a) to raise legal objections to his sentence that were not raised at sentencing. Rule 35(a) is meant to correct clear errors, not to allow for afterthoughts. Finally, the Court sentenced Defendant correctly under the law. Indeed, notwithstanding the length of the sentence imposed, Defendant received the bare minimum sentence the law would allow,

minus four years for substantial assistance to authorities. Because there was no error, Defendant's Motion to Reopen Sentencing under Rule 35(a) should be denied.

Respectfully submitted this the 8th day of March, 2005.

>LEURA GARRETT CANARY
>UNITED STATES ATTORNEY
>
>s/Matthew S. Miner
>MATTHEW S. MINER
>Assistant United States Attorney
>One Court Square, Suite 201
>Montgomery, Alabama 36104
>Phone: (334) 223-7280
>Fax: (334) 223-7135
>E-mail: matthew.miner@usdoj.gov
>PA 80737

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Defendant's counsel, Susan G. James, Esq.

                    Respectfully submitted,

                    s/Matthew S. Miner
                    MATTHEW S. MINER
                    Assistant United States Attorney
                    One Court Square, Suite 201
                    Montgomery, Alabama 36104
                    Phone: (334) 223-7280
                    Fax: (334) 223-7135
                    E-mail: matthew.miner@usdoj.gov
                    PA 80737