IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                        )<br>)<br>ADRIAN MOULTRY            ) | CRIMINAL ACTION NO.<br>2:03cr267-T |

## ORDER

This criminal case is now before the court on defendant Adrian Moultry's motion to reopen his sentencing pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. Because more than seven days have passed since his sentence was orally announced and thus the court is without jurisdiction, the motion will be denied.

I.

On April 23, 2004, Moultry pled guilty to possessing crack cocaine with intent to distribute (21 U.S.C.A. § 841(a)), possessing a firearm as a convicted felon (18 U.S.C.A. § 922(g)), and carrying a firearm in relation to a drug trafficking offense (18 U.S.C.A. § 924(c)).  Third-

degree burglary convictions in 2000, stemming from a 24-hour-crime spree that Moultry and four cohorts planned and committed, formed the basis of the felon-in-possession charge.

On February 4, 2005, the court began sentencing proceedings in Moultry's case. Based upon defense counsel's argument and Moultry's testimony about the prior burglaries, the court became concerned about the applicability of the Sentencing Guideline for a "career-criminal", U.S.S.G. § 4B1.1(a),[1] and the Sentencing Guideline for an "armed-

---

1. U.S.S.G. § 4B1.1(a) lays out the following three-factor framework for when a criminal defendant should be classified as a career offender:

> "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior [unrelated] felony convictions of either a crime of violence or a controlled substance offense."

In Application Note 3 to § 4A1.2, the Guidelines lists three
(continued...)

2

career-criminal," U.S.S.G. § 4B1.4,[2] as well as the mandatory-minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e).[3] The court recessed the

---

1. (...continued)
scenarios as exceptions to the career-criminal enhancement when prior convictions arise out of related cases:

> "[P]rior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing."

2. U.S.S.G. § 4B1.4(a) provides: "A defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." <u>See infra</u> note 3.

3. The Armed Career Criminal Act, 18 U.S.C.A. § 924(e), provides as follows:

> "In the case of a person who violates [18 U.S.C.S § 922(g)] and has three previous convictions by any court referred to in [18 U.S.C.S. § 922(g)(1)] for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section
> (continued...)

3

sentencing hearing for a later date to allow the parties time to brief (1) whether the earlier burglary convictions were "related" for purposes of calculating the appropriate sentencing range under U.S.S.G. § 4B1.1(a) and (2) whether the burglaries were "committed on occasions different from one another" for purposes of applying 18 U.S.C.A. § 924(e) and U.S.S.G. § 4B1.4.

Notably, in the presentence report, the probation officer states that "a separate judgment was entered for each [burglary] case." However, state-court documents (the sentence order, plea agreement, and grand jury indictment) this court received by facsimile on February 7, 2005, strongly suggest that the presentence report was factually incorrect. Moultry was accused of all ten burglaries in a _single_ indictment; although the offenses were later assigned separate docket numbers, Moultry pled guilty to each offense in a _single_ plea agreement; and, the state court entered a _single_ sentence order for all ten burglaries.

---

3.  (...continued)
    922(g)."

4

On February 10, during the resumption of the sentencing hearing, defense counsel decided to forgo argument challenging Moultry's classification as an armed career criminal under § 4B1.4 of the Sentencing Guidelines and the ACCA.  In exchange, the government conceded that Moultry was not subject to the career-criminal enhancement under § 4B1.1 of the Guidelines.  Based on counsels' arguments and concessions, the court's calculation of the appropriate sentencing range, and information contained in the presentence report, the court sentenced Moultry to 192 months in federal custody.

Immediately following sentencing, the court disclosed to both parties the state-court documents related to Moultry's burglary convictions.  Essentially, the documents present strong evidence that Moultry's burglary convictions were 'functionally consolidated' during the state sentencing proceeding.  Prior convictions that were functionally consolidated for sentencing are considered related and, therefore, excluded from the ambit of § 4B1.1.  See, e.g.,

5

United States v. Martinez, 320 F.3d 1285 (11th Cir. 2003) ("Prior conviction requirements are strictly construed, and a defendant must have been sentenced for two unrelated offenses to be considered a career offender."). Thus, there is very strong evidence that, even without the government's concession, Moultry was not subject to the career-criminal enhancement.

In light of the court's disclosure of the state-court documents, Moultry now seeks to reopen his sentencing to correct errors caused, to some degree, by inaccurate information contained in the presentence report. The reasonable inference is that Moultry would have more vigorously pursued his original objections to the armed-career-criminal enhancement under the Guidelines and ACCA had he known of substantial evidence that his prior burglary convictions were functionally consolidated in state court.

6

II.

In 1991, Congress amended Rule 35 of the Federal Rules of Criminal Procedure to align with the goals of the Sentencing Reform Act. As amended, Rule 35(a) provides that a sentencing court may "within seven days after sentencing ... correct a sentence that resulted from arithmetical, technical, or other clear error."

Moultry's motion brings to light a subtle but important requirement of Rule 35(a). The threshold question presented is whether Rule 35(a) requires a sentencing court to correct errors in a defendant's sentence within seven days after the sentence was orally announced. The Eleventh Circuit Court of Appeals "has conclusively held that the seven-day limitation contained in Rule 35[a] is a jurisdictional restriction." United States v. Diaz-Clark, 292 F.3d 1310, 1316 (11th Cir. 2002) (quoting United States v. Morrison, 204 F.3d 1091, 1093 (11th Cir. 2000)); see also United States v. Yost, 185 F.3d 1178, 1180 n.3 (11th Cir. 1999). "Therefore, a court's modification of a sentence outside of

7

this seven-day period is an action taken without the requisite jurisdiction, and is a legal nullity." Diaz-Clark, 292 F.3d at 1317; see, e.g., Morrison, 204 F.3d at 1094 (vacating district court's modified sentence imposed thirteen days after original sentence orally imposed).

Likewise, other federal appellate courts that have addressed this issue have similarly held that Rule 35(a) imposes a jurisdictional limitation and the district court must correct the sentence within seven days after it is announced. See, e.g., United States v. Morillo, 8 F.3d 864, 869 (1st Cir. 1993) ("[I]f a motion is timely made but is not decided within the seven-day period, the judge's power to act under the rule subsides and the pending motion is deemed to be denied as of that date."); United States v. Abreu-Cabrera, 64 F.3d 67, 73 (2d Cir. 1995)("We have held, as have several other circuits, that the seven-day period provided for in Rule 35(c) is jurisdictional); United States v. Lopez, 26 F.3d 512, 519 n.8 (5th Cir. 1994) ("[T]he seven-day limit in Rule 35(c) [now Rule 35(a)] constitutes

8

a jurisdictional restraint on the district court's power to alter a sentence."); United States v. Galvan-Perez, 291 F.3d 401, 405 (6th Cir. 2002) ("[T]he seven-day limit is jurisdictional"); United States v. Wisch, 275 F.3d 620, 626 (7th Cir. 2001) ("The time limit is jurisdictional ... and, furthermore, the motion must be ruled on by the district court within seven days, not simply filed with the clerk of court during that time.") (citation omitted); United States v. Austin, 217 F.3d 595, 598 (8th Cir. 2000) ("The text of Rule 35(c) [now Rule 35(a)] plainly commands the court to act within seven days, and thus after seven days the motion is effectively denied and any doubt concerning the finality of the sentence is ended."); United States v. Barragan-Mendoza, 174 F.3d 1024, 1030 (9th Cir. 1999) (adopting view that "a district court's jurisdiction over a Rule 35(c) motion can last no longer than the seven days that the district court has to act on the motion after the imposition of sentence"); United States v. Blackwell, 81

9

F.3d 945, 948 & n.4 (10th Cir. 1996) (noting that Rule 35(c)'s seven-day time limit is jurisdictional).

This judicial reasoning is supported by the legislative history of Rule 35(a), which explains why the period of seven days was chosen:

> "The Committee contemplates that the court would enter an order correcting the sentence and that such order must be entered within the seven (7) day period so that the appellate process (if a timely appeal is taken) may proceed without delay and without jurisdictional confusion. Rule 35(c) [now Rule 35(a)] provides an efficient and prompt method for correcting obvious technical errors that are called to the court's attention immediately after sentencing."

Fed. R. Crim. P. 35 advisory committee's note (1991 amendments).

Nevertheless, the question remains as to whether Moultry's motion to reopen sentencing, which was not filed until the seventh day after his sentence was announced, tolled Rule 35(a)'s clock. This argument was rejected by the Fourth Circuit Court of Appeals in <u>United States v. Shank</u>, 395 F.3d 466, 468 (4th Cir. 2005), in which a

criminal defendant contended that when "a defendant timely invokes Rule 35 (<u>i.e.</u>, within seven days), the district court is vested with jurisdiction to dispose of that motion regardless of how long it takes the court to do so." The appellate court acknowledged "a certain intuitive logic to this argument," but reasoned that "the plain language of the rule ... makes clear that the court must act within seven days of sentencing, and that a timely motion by the defendant does not extend this period." <u>Shank</u>, 395 F.3d at 468-469; <u>see also</u> <u>Morrison</u>, 204 F.3d at 1092 (district court lacks jurisdiction under Rule 35 "to correct a sentence if the court sets the sentence aside within seven days of orally pronouncing it in open court but does not impose a new sentence until more than seven days have passed").

In sum, circuit caselaw, including that of the Eleventh Circuit Court of Appeals, and the legislative history of Rule 35(a) compel the conclusion that Moultry's motion to reopen sentencing should be denied.

## III.

By denying the Moultry's motion on procedural grounds, it is unnecessary for the court to reach its merits. However, as an aside, the court is not entirely convinced that Rule 35(a) is the appropriate mechanism for the relief Moultry seeks. In other words, even if this court still had jurisdiction in this case, the court's authority pursuant to Rule 35(a) is very narrowly drawn to correct obvious errors that would almost certainly result in a remand of the case. Rule 35(a) "is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence." Fed. R. Crim. P. 35 advisory committee's note.

The effect of the factual inaccuracy contained in Moultry's presentence report is not necessarily obvious or technical but, instead, requires several inferential steps to discover. In the motion to reopen sentencing, defense counsel contends that in making her arguments and

concessions during sentencing she "relied on information from the United States Probation Officer contained within the Presentence Report regarding the prior convictions."[4] The reasonable inference is that defense would have more vigorously pursued her original objections to the armed-career-criminal enhancement under the Guidelines and ACCA had she known of substantial evidence that Moultry's burglary convictions were functionally consolidated.

As stated, during sentencing, the court became seriously concerned about the applicability of the armed-career-criminal enhancement under the Guidelines and ACCA. However, because counsel for the defendant conceded that Moultry was subject to the ACCA, the court never had to make a factual finding as to whether his burglary spree "should count as only one conviction for purposes of sentencing, as it constitutes a single episode even though there were separate punishable acts." United States v. Sweeting, 933

---

4. Defendant's motion to reopen sentencing (Doc. No. 88), p. 2.

F.2d 962, 967 (11th Cir. 1991).[5] Nevertheless, resolution of this question would not constitute "an "arithmetical, technical, or other clear error" under Rule 35(a).[6]

---

5. In its response, the government argues that, "when compared to the career offender provisions of the Guidelines, the Armed Career Criminal Act must be viewed as a horse of a different color." United States' response in opposition to defendant's motion to reopen sentencing (Doc. No. 90), p. 4. To be sure, whether Moultry's burglary convictions were "related" under the Guidelines and whether the crimes underlying those convictions were "committed on occasions different from one another" under the ACCA are distinct legal questions. Indeed, crimes "committed on occasions different from one another" (for purposes of the ACCA) may still result in convictions that are "related" (for purposes of the guidelines). Thus, although the two legal concepts require different analysis, the court cannot say at this time that they are mutually exclusive. See, e.g., United States v. Owens, 15 F.3d 995, 998 (11th Cir. 1994) (noting analytical distinctions in career offender enhancement under the ACCA and the Guidelines).

6. In the advisory committee notes to Rule 35(a), Congress contemplates 28 U.S.C.A. § 2255 as a companion form of relief:

> "[T]he addition of this subdivision is not intended to preclude a defendant from obtaining statutory relief from a plainly illegal sentence. The Committee's assumption is that a defendant detained pursuant to such a sentence could seek relief under 28 U.S.C. § 2255 if the seven day period provided in Rule 35[a] has
> (continued...)

14

For these reasons, it is ORDERED that the defendant Adrian Moultry's motion to reopen sentencing (Doc. No. 88) is denied.

DONE, this the 24th day of March, 2005.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

---

6. (...continued)
elapsed. Rule 35[a] and § 2255 should thus provide sufficient authority for a district court to correct obvious sentencing errors."

The court does not reach whether Moultry is entitled to relief under § 2255.