IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:06cv79-MHT |
| | ) | |
| ADRIAN MOULTRY | ) | |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. # 8) addressing the claims presented by the movant, Adrian Moultry, in his 28 U.S.C. § 2255 motion. In its response, the government argues, *inter alia*, that Moultry's § 2255 motion is barred because he expressly waived his right to seek post-conviction review in a negotiated guilty plea agreement. In addition, the government argues that Moultry's challenge to the different treatment of powder and crack cocaine for sentencing purposes is meritless. Finally, the government argues that all of Moultry's claims of ineffective assistance of counsel are without merit and rest on allegations that fail to establish either deficient performance or prejudice within the meaning of *Strickland v. Washington*, 466 U.S. 668 (1984).

Accordingly, it is

**ORDERED that on or before May 1, 2006**, Moultry may file a reply to the response filed by the government. Any documents or evidence filed after this date will not be considered by the court except upon a showing of exceptional circumstances. At any time after May 1, 2006, the court shall "determine whether an evidentiary hearing is required. If

it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the motion as justice dictates." Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*.

Moultry is instructed that when responding to the assertions contained in the government's response, he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts that demonstrate that Moultry is entitled to relief on the grounds presented in his § 2255 motion. If documents that have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When Moultry attacks the government's response by use of affidavits or other documents, the court will, at the appropriate time, consider whether to expand the record to include such materials. *See* Rule 7, *Rules Governing Section 2255 Proceedings in the United States District Courts*. Moultry is advised that upon expiration of the time for filing a response to this order, the court will proceed to consider the merits of the pending § 2255 motion pursuant to Rule 8(a).

Done this 10th day of April, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE