IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ADRIAN MOULTRY,
    PETITIONER,

-vs-

CASE NO.: 2:06CV79-MHT

UNITED STATES OF AMERICA,
    RESPONDENT,

RECEIVED

2006 MAY -4  P 10: 23

DEBRA P. HACKETT, CLK
U.S. DIST. COURT
MIDDLE DIST. ALA.

---

**PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE
IN OPPOSITION TO PETITIONER'S 28 U.S.C. §2255**

---

COMES NOW, the Petitioner, Adrian Moultry, pro-se, interposing Haines -vs- Kerner, 404 U.S. 519, 520 (1972)(per curiam) and hereby respectfully request this Honorable Court to vacate the sentence imposed in case no.: 2:06CV79-MHT, as it was imposed in direct violation of the First, Fifth, Sixth, Tenth and Fourteenth Amendment Rights of the Constitution.

## JURISDICTION

This Honorable Court does have jurisdiction pursuant to 28 U.S.C. §2255, 2255(3)(6) and 2255(8), to adjudicate the claims presented herein, which show a fundamental defect in the sentencing violation of the Petitioner's Sixth Amendment and the Fifth Amendment Due Process Clause.

The court could correct an illegal sentence if it finds that the sentence was inposed through "clear error". (See F.R.Crim. P. 35(a))

Although Rule 35(a) imposes a (7) seven day time limit, the circumstances of this case at bar allows the court to toll this limitation and correct this illegal sentence. This allows the court to adjudicate this motion if the statute "permits".

## DETRIMENTAL RELIANCE AND MOUSE TRAPPINGS ARE WELL ESTABLISHED THEORY'S OF LAW WHICH APPLY TO THE INSTANT CASE

At the time of the Petitioner's original sentencing on February 10, 2005, he was precluded from utilizing Rule 35(a) to correct his illegal sentence, as the circuit precedent precluded any contention that the enhancement portions of the sentence were a Sixth Amendment violation. Accordingly, he could not utilize the remedy he was entitled to under Rule 35(a) to correct an illegal sentence and to utilize 3553(a) to be sentenced under the advisory guideline range -vs- mandatory guideline range under 3553(b)(1), in order to seek relief under a sentence imposed by clear error.

Rule 35(a) was "not intended to preclude a Petitioner from obtaining statutory relief from a plainly illegal sentence. The committee's assumption is that a Petitioner detained pursuant to such a sentence could seek relief under 28 U.S.C. §2255 if the seven day period under Rule 35(a) has elapsed. Rule 35(a) and 2255 should thus provide sufficient authority for a district court to correct an illegal sentence that is obvious sentencing error." (Fed. R. Crim. 35(a) 1991 Amendment) and 3553(a) Advisory Guideline.

2.

Accordingly the seven day period was not meant to bar correcting a plainly illegal sentence. The assumption of the committee was undermined by the advent of A.E.D.P.A.'s restrictive limitations. For this Petitioner 2255 is not an option.

Not only has the Petitioner relied to his detriment or existing law at the time of sentence, he has been "mouse trapped" into abandoning a remedy. These theories of law, detrimental reliance and mouse trapping (See Burris -vs- Parke, 95 F.3d 465 (7th Cir. 1996) and Reyes -vs- I.N.S. 89 F.3d 490 (7th Cir. 1995) were developed specifically to allow the district court the discretion to toll a statute's time period when another statute diminishes substantive rights or remedies.

This exactly what 18 U.S.C. §3553(b) did when it mandated this court to utilize the constitutionally offensive subsections requiring enhancement of his sentence by judicial found fact beyond a juries verdict. This coupled with circuit precedent (at the time) disallowed the defendant to timely seek a remedy to correct an illegal sentence what we now know to be a fundamentally unfair and unjust sentence enhancement.

Also in the case at bar, as noted above, it is apparent that Petitioner is not time barred under the one-year statute of limitations period set forth in 2255. Moreover, this court for all the reason(s) noted above should address the effect of Petitioner's guilty plea on the merits.

A voluntary and intelligent guilty plea usually forecloses a later attempt to challenge the resulting judgement, the plea serves not only to admit the conduct charged in the information or indictment, but also to concede guilt to the substantive crime.

It should be noted, "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the Petitioner possesses an understanding of the law in relation to the facts." See McCarthy -vs- United States, 394 U.S. 459, 89 S.Ct. 116, 1170, 22 L.Ed. 2d 418 (1969) and Boykin -vs- Alabama, 395 U.S. 238 (1969).

More specifically, a guilty plea is involuntary where a defendant lacks knowledge of one of the elements required for the conviction. See Henderson -vs- Morgan, 426 U.S. 637, 644-48, N.13, 96 S.Ct. 2253, 2257-58 & N.13, 49 L.Ed. 2d 108 (1976); McCarthy, 394 U.S. at 471, 89 S.Ct. at 1173; United States -vs- Dewalt, 92 F.3d 1209, 1211 (D.C. Cir. 1996) (quoting Henderson, supra).

In Henderson, the U.S. Supreme Court affirmed the grant of a writ of habeas corpus, where the defendant had not known he pleaded guilty to second degree murder with the intent to kill was an element of the offense, the court noted:

> "[t]here is nothing in the record that can serve as a substitute for either a finding after trial, or a voluntary admission, that respondent had requisite intent. Defense counsel did not explain to him that his plea would be an admission of that fact; as he made no factual statement or... admission necessarily implying that he had such intent. In these circumstances it is impossible to conclude that his plea to the unexplained charge of second degree....murder was involuntary. Id. at 426 U.S. 646, 96 S.Ct. at 2258.

In Gladdy -vs- Linahan, 780 F.2d 935 (11th Cir. 1986), (reading of a...murder indictment to retarded illiterate defendant did not adequately advise defendant of charges); United States -vs- Franklin, 972 F.2d

4.

1253, 1258 (11th Cir. 1992)(indictment not read to defendant and charges not fully explained).

Under Rule 11, which requires the trial judge when determining the voluntariness of a plea, the court must place the defendant under oath and shall address the defendant personally and shall determine that he or she understands the nature of the charge to which the plea is offered.

As a preliminary motion it is automatically understood that in speaking, thus, in U.S. -vs- Booker / Fan-Fan, 543 U.S. _____ (2005), the Supreme Court was speaking of "admissions" that were given under the full panolopy of Constitutional and Statutory protections defined by the court every since 1887 to date. An example of these cases are:

1. Bram -vs- U.S., 42 L.Ed. 568 (1897); the admission of a confession depended on whether it was compelled within the meaning of the Fifth Amendment. Further, the court said that to be admissable, a confession must "be free and voluntary, that it must not be extracted by the exertion of any improper influence." (Id. @ 753 emphasis added).

2. Mallory -vs- Hogan, 12 L.Ed. 653 (1964): Carried forward the Bram definition of compulsion in the course of holding the prohibition against self incrimination applicable to state's through the Fifth Amendment.

3. Smith -vs- O'Grady, 312 U.S. 329 (1941): A plea may be involuntary either because the accused does not understand the nature of the Constitutional protections he is waiving or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.

4. <u>McCarthy -vs- U.S.</u>, 394 U.S. 459 (1969): A plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relations to the facts . <u>Henderson -vs- Morgan</u>, 426 U.S. at 645 (1976). And of course the court's well known decision in <u>Boykin -vs- Alabama</u>, 395 U.S. 238 (1969) and Rule 11.

Turning to the matter, in <u>Strickland -vs- Washington</u>, 104 S.Ct. 2052 (1984), the U.S. Supreme Court set out two (2) elements the defendant <u>must</u> show in order to establish ineffective assistance of counsel. This two part test applies to claims of ineffective assistance of counsel when the defendant has plead guilty. See <u>Hill -vs- Lockhart</u>, 106 S.Ct. 366 (1985).

First, the defendant <u>must</u> show counsel's performance was deficient. <u>Id</u>. 104 S.Ct. 2052, 2069 (1984). Second, the defendant must show that the...deficient performance prejudiced the defense. <u>Id</u>. at 104 S.Ct. 2067-69. In the context of a guilty plea, meaning that the Petitioner must show....that but for counsel's unprofessional errors the result of the proceedings would have been different. <u>Id</u>. at 694 S.Ct. 2052 (emphasis added). There are as a general proposition, two types of Booker errors. First, sentencing court commits Sixth Amendment error if it enhances a sentence beyond the maximum authorized by facts found by a jury beyond a reasonable doubt or admitted by the Petitioner. See <u>Booker</u>, 125 S.Ct. at 756; <u>United States -vs- White</u>, 405 F.3d 208, 215 (4th Cir. 2005) Second, a court commits statutory error if it treats the guidelines as mandatory, rather than as advisory. (Statutory Booker error) See <u>Booker</u>, 125 S.Ct. at 757; <u>White</u>, 405 F.3d at 215.

In this case, the sentencing court committed statutory <u>Booker</u> error in treating the guidelines as mandatory at the time the judge's hand was not "shackled or handcuffed" by an unconstitutional guideline without any enhancement, 3553(b)(1) which is considered unconstitutional. Had the court known at the time of sentencing, under an advisory guidelines it could have used a non-guideline sentence proceeding. The district court did have jurisdiction to correct an illegal sentence under Rule 35(a) at the time of the seven day period. This case should be remanded back for resentencing because the sentence is in violation of the First, Fifth, Sixth, Tenth and Fourteenth Amendment right of the Constitution.

## CONCLUSION

Clearly, counsel had a number of avenues she could have pursued in protecting her client's constitutional rights as they pertain to circumstances outlined above. The Sixth Amendment guarantees the right to counsel in all criminal prosecutions resulting in actual imprisonment. See <u>Scott -vs- illinois</u>, 440 U.S. 367 (1979); <u>Scott -vs- Wainwright</u>, 698 F.2d 427 F.N. 4,5,6, and 7 (1983), This constitutional right extends to all "critical stages" of the proceedings against the Petitioner. See <u>Coleman -vs- Alabama</u>, 399 U.S. 1 (1970), "[t]he right to counsel is the right to effective assistance of counsel. <u>Strickland -vs- Washington</u>, 466 U.S. 668. At the time of sentencing, counsel of record was not present at the sentencing hearing to protect her client's constitutional rights as they pertain to the circumstances outlined above. The substitute counsel did not have a clue about the agreement

that had taken place between the U.S. Attorney's office, the Petitioner and counsel of record. The Petitioner was actually prejudiced during the sentencing hearing because counsel of record stepped out of the courtroom and instead of the court going into recess, substitute counsel, who the Petitioner had never met, nor did she have any knowledge of the Petitioner's case, stepped in to represent Petitioner. Substitute counsel did nothing to protect the Petitioner's constitutional rights. See U.S. -vs- Veteto, 920 F.2d 826 F.N. 4 (11th Cir. 1991).

Based on the foregoing, Petitioner asserts that an Evidentiary hearing should be held in order to ensure that justice is served in this case.

RESPECTFULLY SUBMITTED ON THIS THE 25 DAY OF APRIL 2006.

*Adrian Moultry*
ADRIAN MOULTRY, PRO/SE
REG. NO. 11383-002
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7007
MARIANNA, FL., 32447-7007

8.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing "PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S 28 U.S.C. §2255", to all interested parties, via prepaid U.S. Postage, by placing the same in the U.S. Mail Box here at F.C.I. Marianna on this the 25 day of April 2006.

*Adrian Moultry*
ADRIAN MOULTRY, PRO SE
REG. NO. 11383-002
FEDERAL CORRECTIONAL INSTITU.
P.O. BOX 7007
MARIANNA, FL., 32447-7007

9.