UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

ADRIAN MOULTRY                          )
      Movant,                       )
                            )          Case No. 2:06CV79-MHT
v.                                      )          Criminal Case No. 2:03CR267-001-T
                            )
UNITED STATES OF AMERICA,               )
      Respondent.                   )

## NOTICE TO THE COURT

COMES NOW, the Movant, ADRIAN MOULTRY, appearing pro-se in representation and hereby Notice the Court that it has been more than 180 days since the Movant filed his responsive pleadings in the above-styled case. No decision has been entered in this case as of this date.

A prisoner who files a motion under Section 2255 challenging a federal conviction and/or sentence is entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255. The hearing is mandatory "unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Fontaine v. United States, 411 U.S. 213, 215, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); see also: Smith v. United States, 348 F.3d 545, 550-51(6th cir. 2003). The Movant's "burden for establishing an entitlement to an evidentiary hearing is relatively light". Id. (citations omitted).

In the instant case, Movant is clearly entitled to an evidentiary hearing. For among other reasons, the parties have a situation that is as rare as a solar eclipse, i.e. an attorney admitting that she was ineffective at Movant's sentencing hearing in an affidavit. See Affidavit of Susan G. James dated February 14, 2006 No-5. Former Counsel, Susan G. James, also testified, via Affidavit, (which is admissible evidence of course), that she "will be happy to testify at a sentencing

1

proceeding on Moultry's behalf in this regard." Id.

This is clearly an issue that needs to be addressed in "a prompt hearing" because the "swift and efficient administration of justice is in the interest of both society and the accused." United States v. Bilsky, 664 F.2d 613, 615 (1981). Furthermore, the Eleventh Circuit has established that a defendant has a guaranteed right to effective assistance of counsel at sentencing. Jones v. United States, 224 F.3d 1251, 1259 (11th cir. 2000).

The Movant brings these facts to this court's attention pursuant to 28 U.S.C. §2255 and/or the local criminal rules and notify it that the above-styled case remains undecided.

Accordingly, the Movant respectfully request that this Honorable Court within 30 days issue a decision in the above styled case, or in the alternative, within 30 days schedule this case for an evidentiary hearing and appoint counsel.


Respectfully submitted,

ADRIAN MOULTRY, PRO SE

By: _Adrian Moultry_
    Adrian Moultry
    Reg. No. 11383-002
    c/o F.C.I. Marianna
    P.O. Box 7007
    Marianna, Florida 32447-7007


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice To The Court was sent prepaid postage, First Class Mail, on this __3__ day of May, 2007 to: Matthew S. Niner, Assistant U.S. Attorney, One Court Square, Suite 201, Montgomery, Alabama 36104.


Respectfully submitted,

_Adrian Moultry_

2

Name: Adrian Moultry
Reg. No.: 11383-002
Quarters: Mohawk B
Federal Correctional Institution
P.O. Box 7007
Marianna, FL 32447-7007

Legal Mail

GMF BAY COUNTY
FL 324 2 T
04 MAY 2007 PM

Office of the Clerk
UNITED STATES DISTRICT COURT
P.O. Box 711
Montgomery, Alabama 36101-0711

36101+0711