IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA      )
                              )
v                             )      Civil Action No. 2:06cv79-MHT
                              )               [WO]
ADRIAN MOULTRY                )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Adrian Moultry ("Moultry") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.


## I.   INTRODUCTION

On April 23, 2004, pursuant to a written plea agreement, Moultry appeared before a magistrate judge and pled guilty to possession with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  Sentence was imposed by the district court on February 10, 2005.  Moultry was sentenced to a total of 192 months' imprisonment, the sentence consisting of concurrent terms of 132 months each for Counts 1 and 2, to be served consecutively to a 60-month term for Count 3.  A judgment was entered on February 16, 2005.  Moultry did not appeal.

On January 26, 2006, Moultry filed this § 2255 motion, asserting the following claims:

1.      The harsher penalties for crack cocaine than for powder cocaine under the controlled substance statutes and the Sentencing Guidelines are unreasonable and unconstitutional.

2.      He received ineffective assistance of counsel for the following reasons:

   a.      Counsel failed to oppose the court's application of the Armed Career Criminal Act, 18 U.S.C. § 924(e), to enhance his sentence based on his prior burglary convictions in Pike County, Alabama.

   b.      Counsel failed to file a timely motion to correct his sentence pursuant to Fed.R.Crim.P 29 or 35.

   c.      Counsel failed to raise the applicability of several Supreme Court decisions at sentencing.

   d.      Counsel failed to investigate mitigating evidence for sentencing purposes.

   e.      Counsel failed to object to the court's treatment of the Sentencing Guidelines as mandatory.

The government answered Moultry's § 2255 motion, asserting that his claims are either barred by a waiver provision contained in the plea agreement or are without merit.[1] (Doc. No. 8.) Moultry was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 10.)  After due consideration of the § 2255 motion,

---

[1]In his plea agreement, Moultry waived appeal or collateral attack of his conviction and sentence except on the basis of ineffective assistance of counsel or prosecutorial misconduct. *See Plea Agreement* (Doc. No. 8-3) at 10-11.

the submissions supporting and opposing the motion, and the record in this case, the court

concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules*

*Governing Section 2255 Proceedings in the United States District Courts*, the motion should

be denied.

## II. DISCUSSION

### A. Waiver of non-Ineffective Assistance of Counsel Claims

Moultry appears to assert a claim that the harsher penalties for crack cocaine than for

powder cocaine under the controlled substance statutes and the Sentencing Guidelines are

unreasonable and unconstitutional. (*See* Doc. No. 1 at 8-11.) To the extent that Moultry

intends to assert this as a separate substantive claim apart from any claims of ineffective

assistance of counsel, such a claim is barred by the provision in the plea agreement whereby

Moultry waived his right to appeal or collaterally attack his sentence except on the basis of

ineffective assistance of counsel or prosecutorial misconduct. *See Plea Agreement* (Doc. No.

8-3) at 10-11.

An appeal or collateral attack waiver is valid if a defendant enters into it knowingly

and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United*

*States v. Bushert*, 997 F.2d 1343, 1350-55 (11th Cir. 1993). In this circuit, such waivers have

been enforced consistently according to their terms. *See United States v. Bascomb*, 451 F.3d

1292, 1294 (11th Cir. 2006) (collecting cases). There is no indication in the pleadings or

other records before this court that Moultry's waiver was anything but voluntary and knowing as expressly stated in the written plea agreement. At the guilty plea colloquy, the magistrate judge reviewed the waiver with Moultry, apprising him of its contents and significance and ascertaining that Moultry understood the provision. *See Guilty Plea Hearing* (Doc. No. 8-4) at 10-11. Under these circumstances, the waiver provision bars this court's consideration of Moultry's claim regarding the disparity in punishment for crack cocaine and powder cocaine.

Moreover, even if this court were to address the merits of Moultry's claim in this regard, he would not be entitled to any relief. Ultimately, Moultry's punishment was not determined by the nature or amount of the controlled substance involved in his drug offense. Because he was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and he qualified as an armed career criminal under 18 U.S.C. § 924(e),[2] Moultry was subject to a statutory mandatory minimum sentence of 15 years in prison. In addition, he was subject to a consecutive mandatory minimum sentence of 5 years in prison for his conviction for possessing a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i). Moultry was not sentenced pursuant to the drug quantity tables in the Sentencing Guidelines; rather, the duration of his sentence was based on the statutory minimums mandated for his firearm convictions. Thus, the disparate punishment for crack

---

[2]The applicability of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to Moultry's sentence is discussed further in Part II.B.1 of this Recommendation.

and powder cocaine was immaterial to the sentence actually imposed on Moultry.

Further, even if the fact that Moultry's controlled substance offense involved crack cocaine played a part in the length of the sentence ultimately imposed on him, the Eleventh Circuit has held that Congress's decision to punish crack cocaine offenders more severely than powder cocaine offenders is plainly a policy decision that federal courts are not free to second-guess. *See United States v. Williams*, 456 F.3d 1353, 1367-69 (11th Cir. 2006); *United States v. Hanna*, 153 F.3d 1286, 1288-89 (11th Cir. 1998); *see also United States v. Pho*, 433 F.3d 53, 62 (1st Cir. 2006) (holding that "[n]othing in [*United States v.*] *Booker*[, 543 U.S. 220 (2005),] altered this distribution of authority over sentencing policy. *Booker* established that a district court may exercise discretion in fashioning sentences – but that discretion was meant to operate only within the ambit of the individualized factors spelled out in [18 U.S.C.] section 3553(a)"). Thus, the sentencing court would not have been free to disregard the controlled substance statutes and the Sentencing Guidelines in fashioning Moultry's sentence.

For the reasons discussed above, Moultry is not entitled to any relief based on his claim regarding the sentencing differential in crack cocaine and powder cocaine.[3]

---

[3]If it is also Moultry's intent to assert this claim in terms of his counsel's supposed ineffectiveness for failing to raise it, he has failed to establish his entitlement to relief. Counsel is not ineffective for failing to raise a meritless claim. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

### B.   Ineffective Assistance of Counsel

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set  by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id*. at 687-89.  The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*.  In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance.  *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"  *Strickland*, 466 U.S. at 694.  A "reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*.  The prejudice component of *Strickland* focuses on whether counsel's deficient performance

renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### 1. Failure to Oppose Application of the Armed Career Criminal Act at Sentencing

Moultry contends that his counsel rendered ineffective assistance at sentencing by failing to oppose the court's application of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to enhance his sentence based on his prior burglary convictions in Pike County, Alabama.[4]  (Doc. No. 1 at 4-5.)

---

[4]At sentencing, Moultry's counsel initially contended that the armed career criminal enhancement under § 924(e) did not apply to Moultry, arguing that his multiple burglary convictions arose from "spree" conduct that did not trigger the provisions of the ACCA. However, later in the
(continued...)

7

The ACCA provides a mandatory minimum sentence of fifteen years for anyone who violates 18 U.S.C. § 922(g), by illegally possessing a firearm, after three convictions for a violent felony or a serious drug offense. 18 U.S.C. § 924(e); *see United States v. Greer*, 440 F.3d 1267, 1269 (11th Cir. 2006).

The district court classified Moultry as an armed career criminal within the meaning of § 924(e) because it found that he had ten qualifying prior convictions, specifically ten convictions for third-degree burglary entered against him by the Circuit Court of Pike County, Alabama, in April 2001. Burglary is an enumerated "violent felony" under § 924(e)(2)(B)(ii) and therefore qualifies as a predicate felony for application of the § 924(e) enhancement.[5]

---

[4](...continued)
sentencing proceedings, counsel acknowledged that, under the controlling case law, Moultry's prior burglaries constituted multiple qualifying offenses triggering application of the § 924(e) enhancement.

[5]Section 924(e)(2)(B) defines "violent felony" as

> any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the person or another; or (ii) is *burglary* ... or otherwise involves conduct that presents a serious potential risk of physical injury to another.

(Emphasis added.) In *Taylor v. United States*, 495 U.S. 575 (1990), the Supreme Court held that because the statutory definition of burglary differs in many states, a burglary conviction may serve as a predicate for enhanced sentencing under the ACCA and § 924(e) only if the conviction is for a crime involving the elements of "generic" burglary. 495 U.S. at 599; *see United States v. Miles*, 290 F.3d 1341, 1347 (11th Cir. 2002). A "generic" burglary is an "unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor*, 495 U.S. at 599. Although non-generic burglaries (e.g., automobile burglaries) do not qualify as burglaries
(continued...)

Moultry argues that his sentence should not have been enhanced under § 924(e) because, he says, his ten burglary convictions in Pike County were functionally consolidated and involved a course of conduct that constituted only one offense for purposes of the ACCA. Under the ACCA, the three qualifying prior felonies must be temporally distinct. *See* 18 U.SC. § 924(e) (requiring offenses to have been "committed on occasions different from one another." *United States v. Jackson*, 57 F.3d 1012, 1017-18 (11th Cir. 1995). However, the convictions need not have been obtained on separate occasions; nor are separate indictments required. *Id*. Offenses that "are successive rather than simultaneous ... constitute separate criminal episodes for purposes of the ACCA." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998)

Moultry was charged with all ten Pike County burglaries in a single indictment. He pled guilty to each offense under a single plea agreement and received a single sentence for each crime.[6] However, the record reflects that the ten burglaries took place over a two-day period, and all involved separate residences (mobile homes) at different addresses. *See PSI*

---

[5](...continued)

for purposes of § 924(e), even a conviction under a non-generic burglary statute may be counted for § 924(e) enhancement if the burglary, in its facts, qualifies as a generic burglary. *Id*. Alabama's burglary statute provides that "[a] person commits the crime of burglary in the third degree if he knowingly enters or remains unlawfully in a building with intent to commit a crime therein." *See* Ala. Code § 13A-7-7. Thus, Moultry's prior convictions were under a generic burglary statute. *See United States v. Moody*, [No. 06-15114] 216 Fed.Appx. 952 (11th Cir. Feb. 9, 2007) (unpublished).

[6]Each charged offense was assigned a separate document number by the Pike County Circuit Court.

at 9-18, ¶¶ 30-39; *Sentencing Hearing (Part I)* at 14-58; *Sentencing Hearing (Part II)* at 15-18.

In *Pope*, *supra*, the Eleventh Circuit determined that "the 'successful' completion of one crime plus a subsequent conscious decision to commit another crime makes that second crime distinct from the first for the purposes of the ACCA." 132 F.3d at 692 (concluding that two burglaries committed on the same evening in separate buildings 200 yards apart were sufficiently distinct under the ACCA); *see also United States v. Spears*, 443 F.3d 1358, 1360 (11th Cir. 2006) (concluding that two robberies committed within two minutes and thirty feet of each other were sufficiently distinct under the ACCA). Thus, the ACCA will apply "to criminals who commit three offenses in temporal and physical proximity to one another if the perpetrator had a meaningful opportunity to desist his activity before committing [another] offense." *Pope*, 132 F.3d at 690. "Mere temporal proximity is ordinarily insufficient to merge multiple offenses into a single criminal episode. Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small." *Id*.

Here, sufficient time passed between the conduct underlying each offense to give Moultry "meaningful opportunity" to stop before committing the next offense. Moultry could have ceased his criminal activity after completion of each burglary. Instead he engaged in a new criminal opportunity. This conduct was sufficient to make the crimes separate criminal episodes for purposes of ACCA enhancement. Accordingly, this court

10

concludes that Moultry has failed to show that his counsel's failure to oppose application of the ACCA at sentencing was objectively unreasonable or that he was prejudiced by counsel's failure to do so. *See Strickland v. Washington*, *supra*. Moultry is not entitled to any relief based on this claim.

### 2.     Failure to File Timely Motion to Correct Sentence Pursuant to Fed.R.Crim.P 29 or 35

Moultry contends that his counsel was ineffective for failing to file a timely motion to correct his sentence pursuant to Fed.R.Crim.P. 29 or 35. (Doc. No. 1 at 5.) Moultry suggests that, by such a motion, he could have successfully attacked the district court's enhancement of his sentence under the ACCA.[7] Leaving aside the question of whether a motion pursuant to either Rule 29 or Rule 35 is even a proper vehicle for challenging a trial court's application of the ACCA to a defendant's sentence, Moultry's claim of counsel's ineffectiveness in this regard is doomed by the absence of merit in his underlying claim that the ACCA enhancement was wrongly applied to him. Counsel cannot be ineffective for failing to pursue an issue that lacks merit. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

---

[7]Moultry's counsel filed a motion to reopen sentencing pursuant top Fed.R.Crim.P. 35(a) on February 21, 2005. *See* Crim. Case No. 2:03cr267-MHT, Doc. No. 88. In that motion, counsel argued that it was error for the court to enhance Moultry's sentence under the ACCA. On March 24, 2005, the district court denied the motion, stating as grounds that it lacked jurisdiction to consider the merits of a motion under Rule 35 filed more than seven days after the oral pronouncement of sentence in open court. *Id.*, Doc. No. 91.

3.     **Failure to Raise Applicability of Supreme Court Decisions
       at Sentencing**

Moultry contends that his counsel rendered ineffective assistance because she "did

not raise *Apprendi*, *Blakely*, *Booker-Fanfan*, *Shepard*, and *Almandarez-Torres* at

sentencing."[8]  (Doc. No. 1 at 5.).  This claim lacks merit.

The record reflects that at Moultry's sentencing, his counsel did in fact raise questions

regarding *Blakely* and *Booker*'s applicability to Moultry's sentence.  *See Sentencing Hearing

(Part I)* at 5-14 & 67-68; *Sentencing Hearing (Part II)* at 21-43.  In sentencing Moultry, the

district court explicitly recognized that the Sentencing Guidelines were advisory, the fallout

of the holding in *Booker*.  *Sentencing Hearing (Part II)* at 85-86.

Further, Moultry fails to address how counsel's presentation of arguments or

objections based on *Apprendi*, *Almandarez-Torres*, or *Shepard* could have affected his

sentence.  Assuming that Moultry is suggesting that the district court's enhancement of his

sentence under the ACCA and 18 U.S.C. § 924(e) violated the holdings in these Supreme

Court decisions, he is wrong.  As the Eleventh Circuit has observed, *Apprendi* left

undisturbed the Supreme Court's prior holding in *Almandarez-Torres* that the government

need not allege in the indictment, nor prove to the jury, that a defendant had prior

convictions for a trial court to use those convictions for enhancing a sentence beyond the

---

[8]*See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296
(2004); *United States v. Booker*, 543 U.S. 220 (2005); *Almandarez-Torres v. United States*, 523 U.S.
224 (1998); and *Shepard v. United States*, 544 U.S. 13 (2005).

prescribed statutory maximum. *United States v. Greer*, 440 F.3d 1267, 1273-76 (11th Cir. 2006). Accordingly, application of § 924(e)'s mandatory minimum based on prior convictions not alleged in the indictment or found by the jury does not violate *Apprendi* or *Almendarez-Torres*. *Greer*, 440 F.3d at 1273. *See also United States v. Marseille*, 377 F.3d 1249, 1257-58 (11th Cir. 2004) (rejecting an *Apprendi*-based attack by a defendant whose sentence was enhanced under § 924(e)); *United States v. Thomas*, 242 F.3d 1028, 1034-35 (11th Cir. 2001) (observing that *Apprendi* specifically excluded the fact of a prior conviction from its holding and affirming a § 924(e)(1)-enhanced sentence, pursuant to *Almendarez-Torres*); *United States v. Dowd*, 451 F.3d 1244, 1253 (11th Cir. 2006).

Finally, any *Shepard* argument[9] that Moultry's counsel might have asserted at sentencing would not have been successful. The district court determined Moultry's prior burglary convictions based on his admissions at his sentencing hearing as well as through review of the Pike County indictment, the plea agreement resolving the burglary charges, and the order of judgment by the Pike County Circuit Court. *See* Crim. Case No. 2:03cr267-MHT, Doc. No. 91 at 4. The court's reliance on such records satisfied the requirements of *Shepard*. In any event, the Alabama statute under which Moultry was convicted for third-

---

[9]*Shepard* restricts the kinds of records on which the sentencing court may rely when determining whether a defendant's prior convictions qualify him as an armed career criminal under the ACCA. *See* 544 U.S. at 25-26. In *Shepard*, the Supreme Court held that the sentencing court may refer only to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.*

degree burglary, Ala. Code § 13A-7-7, is unambiguously a "generic burglary" statute, and thus the strictures of *Shepard* did not even come into play in Moultry's case, as it was unnecessary for the sentencing court to review the particular facts underlying his burglary convictions in order to determine if they were for generic burglaries. *See United States v. Moody*, [No. 06-15114] 216 Fed.Appx. 952 (11th Cir. Feb. 9, 2007) (unpublished) (holding that Ala. Code § 13A-7-7 unambiguously punishes only generic burglary and provides for a term of imprisonment greater than one year, rendering it a qualifying offense under § 924(e)).

For the reasons indicated above, this court concludes that Moultry has failed to show that his counsel's failure to raise the applicability of various Supreme Court decisions at his sentencing was objectively unreasonable or that he was prejudiced by counsel's failure to do so. *See Strickland v. Washington*, *supra*.

### 4.    Failure to Investigate Mitigating Evidence for Sentencing Purposes

Moultry asserts that his counsel rendered ineffective assistance by failing to investigate mitigating evidence for sentencing purposes. (Doc. No. 1 at 5.) However, he fails to specify any mitigating evidence that, if uncovered, might have resulted in his receiving a lesser sentence. Assuming that Moultry is claiming that his counsel was ineffective for failing to obtain evidence related to his prior convictions before his

14

sentencing, such a claim does not form any basis for relief because, as indicated above, all ten of Moultry's Pike County burglary convictions were qualifying convictions for purposes of enhancing his sentence under the ACCA and 18 U.S.C. § 924(e).  Consequently, this court concludes that Moultry has failed to show that he was prejudiced by his counsel's alleged failure to investigate mitigating evidence for sentencing purposes.  Moultry is not entitled to any relief based on this claim.

5.    **Failure to Object to Court's Treatment of Sentencing Guidelines as Mandatory**

Moultry says that his counsel was ineffective for failing to make a constitutional objection when the court treated the Sentencing Guidelines as mandatory in his case.  (Doc. No. 1 at 5-6.)  This claim is without merit.  In addition to explicitly stating at sentencing that it recognized the Sentencing Guidelines to be advisory, rather than mandatory, the district court requested sentencing briefs from the parties and a statement from the Probation Office on the effect of *Booker* and entertained counsel's *Booker*-based arguments for discretionary sentencing.  *See Sentencing Hearing (Part I)* at 5-14 & 67-68; *Sentencing Hearing (Part II)* at 21-43 & 85-86; Crim. Case No. 2:03cr267-MHT, Doc. Nos. 77-79 & 84.  Counsel had no basis for arguing that the court failed to treat the Sentencing Guidelines as advisory. Counsel cannot be ineffective for failing to raise a meritless claim.  *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir.

15

1992).

## III.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Moultry be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 28, 2007.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of November, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE