IN THE UNITED STATES DISTRICT COURT FOR

THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CIVIL ACTION NO. |
| | ) | 2:06 cv 79-MHT |
| vs. | ) | |
| | ) | |
| ADRIAN MOULTRY | ) | |

## OBJECTION TO RECOMMENDATION OF MAGISTRATE

COMES NOW, defendant Adrian Moultry, Pro-Se files these objections to the recommendation of the Magistrate, filed in the office of the clerk of the Court on November 15, 2007, in the following particulars:

1. The defendant objects to the Magistrate conclusion that he did not received ineffective assistance of counsel in regards to the application of the Armed Career Criminal Act, U.S.C. § 924 (e) to enhance his sentence based on his prior burglary conviction in Pike County, Alabama.

   Counsel conceded that she was ineffective as it relates to this specific issue, because she accepted the factual inaccuracy contained in the presentence report as to prior conviction without investigating them herself.

SCANNED

By timely obtaining the relevant state court documents counsel would have been able to refute the inaccuracy, not make unnecessary concessions, and challenge the inapplicable guideline section used to sentence defendant.

Based upon counsel's deficient actions in this regard, defendant has made a substantial showing that counsel's performance was outside the wide range of reasonable professional assistance required by <u>Strickland v. Washington</u> to satisfy the performance prong of ineffective assistance analysis.

Defendant's increase in sentence due to counsel's deficient performance satisfies the prejudice prong of <u>Strickland</u>. In <u>Glover v. United States</u>, 148 L ed 2d 604 (2001), the Supreme Court held that (1) for purposes of the Strickland v Washington rule for obtaining relief for an alleged violation of the Sixth Amendment right to effective counsel, a defendant establishes prejudice where it is shown that (a) the trial court erred in a Guideline determination, and (b) as a result of such error, about which counsel failed to argue, the defendant's sentence was increased.

APPLICATION OF THE ARMED CAREER CRIMINAL ACT AT SENTENCING

Defendant objects to the Magistrate conclusion that the crimes were separate criminal episodes for purposes of ACCA enhancement.
The Honorable Judge Myron Thompson noted in his order addressing defendant'a Rule 35 (a) motion attacking sentence under ACCA [Exhibit 1] (pg.4).
In the presentence report, the probation officer states that" separate judgment was entered for each burgulary case". However, state-court documents (the sentence order, plea-agreement, and grand jury indictment ) strongly suggest that the presentence report was factually incorrect. Moultry was accused of all ten burglaries in a single plea agreement; and the state court entered a single sentence order for all ten burglaries.
The documents presented evidence that defendant's burglary convictions were "functionally consolidated" during the state sentencing proceeding. It was farther stated in the order,"Prior convictions that were functionally consolidated for sentencing are considered related and, therefore, excluded from the ambit of 4B1.1

In addition, the U.S. Sentencing Guidelines Manual (2007) instructs;
If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. U.S.S.G. 4A1.2.
Count any prior sentence covered by (A) of (B) as a single sentence. As noted defendant sentence resulted from a single indictment and the state Court entered a single sentence order for all ten burglaries.

WHEREFORE, PREMISES CONSIDERED, the defendant moves the court for a ruling on the objections and such disposition thereof as the court deems proper.

                                               Respectfully submitted

                                               */s/ Adrian Moultry*

                                               Adrian Moultry # 11383-002
                                               Pro-Se
                                               P.O. Box 7007
                                               Marianna, FL. 32447-7007

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing Objections to the Magistrate's Report and Recommendation was sent via first class mail, postage pre-paid, to Matthew Miner, Assistant U.S. Attorney, One Court Square 201, Montgomery, Alabama 36104, on this __26th__ day of November, 2007.

Respectfully submitted,

By: _/s/ Adrien Maltby_

Adrian McWaitry
11383-002
Mohawk-B
Federal Corretional Int.
Marianna, Fla. 32447

Office of the Clerk
United States District
P.O. Box 711
Montgomery, Ala 3610

LEGAL MAIL

PANAMA
27 NOV

Adrian Moultry
11383-002
Mohawk-B
Federal Corretional Int.
Marianna, Fla. 32447

PANAMA
27 NOV

LEGAL MAIL

Office of the Clerk
United States District
P.O. Box 711
Montgomery, Ala 3610