IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.   ) | Civ. Case No. 2:06 cv 79-MHT |
| ) | |
| ADRIAN MOULTRY   ) | |

**MEMORANDUM IN SUPPORT OF NOTICE OF APPEAL**

**AND REQUEST FOR CERTIFICATE OF APPEALABILITY**

COMES NOW, the Petitioner herein, Adrian Moultry, pro-se, respectfully request a Certificate of Appealability so that he may appeal the district court's decision of December 4, 2007 denying his motion filed pursuant to 28 U.S.C. 2255. The Petitioner would submit that he can make a substantial showing of the denial of a constitutional right. See. Slack v McDaniel, 120 S.Ct. 1595, 1603-04 (2000).

**STANDARD**

The standard for determining whether or not a defendant may receive a certificate of appealability on a particular case or issue is found in 28 U.S.C. 2253(c) (2); Hardwick v. Singletary, 126 F.3d 1312, 1313 (11th Cir. 1997). In Hardwick, the Court held that to obtain a certificate of appealability, the defendant must make "a substantial showing of the denial of a constitutional right. Under that standard, an applicant makes a substantial showing when he demonstrates that his application involves issues debatable among jurists of reason, that another court resolve the issues differently, or that the issues are suitable enough to proceed further.

## ARGUMENT

**THE PETITIONER WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN COUNSEL FAILED TO ARGUE THAT THE PETIOTIONER SENTENCE WAS ERRONEOUSLY IMPOSED BY AN IMPROPER APPLICATION OF THE UNITED STATES SENTENCING GUIDELINES.**

The Sixth Amendment to the U.S. Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense. The U.S. Supreme Court has stated, "the right to counsel is the right to effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 (1970).

In Strickland v. Washington, 80 L.Ed. 2d 674, (1984), the Supreme Court established a two prong test to govern ineffective assistance of counsel claims. To obtain reversal of a conviction or to vacate a sentence based on ineffectiveness of counsel the defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the results of the proceeding would have been different. Williams v. Taylor, 146 L. Ed. 2d 389 (2000).

Counsel failed to challenge the improper Criminal history calculation in a timely manner. The application of the armed career offender enhancement was of central importance in calculation the appropriate guideline. Counsel willingly accepted the government version of Petitioner criminal history without conducting her own reasonable investigation and obtaining the available documents to refute the enhancement. The

documents presented evidence that Petitioner's burglary convictions were "functionally consolidated" during the state sentencing proceedings. The lack of presentence investigation rendered counsel's assistance ineffective in this regards. Circuit precedent informs "A defendant has a constitutional right to effective assistance of counsel at sentencing." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).

In Stinson v. United States, 508 U.S. 36 (1993), the Supreme Court held that commentary in the sentencing guidelines manual that interprets or explains a guideline is authoritative unless the commentary is inconsistent with United States Constitution, a federal statue, or the guideline itself. In accord with the Supreme Court teaching, the district court did not give authoritative weight to 4A1.2 commentary and counsel failed to bring it to the court's attention. The U.S. sentencing Guidelines Manual (2007) instructs: If there is no intervening arrest, prior sentences are counted separately unless (A) the sentence resulted from offenses contained in the same charging instrument; or (B) the sentence were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. U.S.S.G. 4A1.2.

If counsel had performed the necessary presentence investigation, state court documents would have confirmed that indeed Petitioner sentence was consolidated, that their was no intervening arrest and that the charges were contained in the same charging document. Therefore, the charges should not have been considered 10 separate offenses for armed career offender purposes and counsel was ineffective in this regards.

Respectfully Submitted,

Adrian Moultry

# **CERTIFICATE OF SERVICE**

This brief was filed with the Court and served on counsel for the United States on this date by depositing an original and the required number of copies into the prison mail collection box, in sealed envelopes, on the __11__ day of __Dec.__, 2007 first class postage affixed and addressed to:

United States Attorney Office
Attn: Mr. Louis Franklin, Assistant U.S. Attorney
131 Clayton Street
Montgomery, Alabama 36104


*Adrian Moultry*
Adrian Moultry
Pro Se
P.O. Box 7007
Marianna, FL  32447
FCI Marianna

Adrian Moultry 11383-002
Mohawk-B
Federal Correctional Int.
P.O. Box 7007
Marianna, Fla 32447

LEGAL MAIL

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Ala. 36101-0711

FEDERAL CORRECTIONAL INST.
3625 FCI ROAD, MARIANNA, FL 32446
DATE _____
THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSED CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

RECEIVED
DEC 1 2007
BY: _____