Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

_____

March 21, 2008

**Appeal Number: 07-15885-D**
Case Style: Adrian Moultry v. USA
District Court Number:  06-00079 CV-T-N

TO:   Debra P. Hackett

CC:   Adrian Moultry (11383-002)

CC:   Deborah Jean Johnson Rhodes

CC:   Donna Barrow Dobbins

CC:   Matthew Miner

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia  30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

March 21, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-15885-D**
Case Style: Adrian Moultry v. USA
District Court Number:  06-00079 CV-T-N
SECONDARY CASE NO: 03-00267-CR-T-N

The enclosed certified copy of this Court's order denying the application for a Certificate of Appealability is issued as the mandate of this court.  See 11th Cir. R. 41-4.  Counsel and pro se parties are advised that pursuant to 11th Cir. R. 27-2, "a motion to reconsider, vacate, or modify an order must be filed within 21 days of the entry of such order.  No additional time shall be allowed for mailing."

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Nancy Holbrook (404) 335-6183

Encl.

DIS-4  (3-2005)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

---

No. 07-15885-D

---

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

MAR 2 1 2008

THOMAS K. KAHN
CLERK

ADRIAN MOULTRY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

---

Appeal from the United States District Court for the
Middle District of Alabama

---

ORDER:

Appellant moves for a certificate of appealability, as construed from the notice of appeal, and

leave to proceed on appeal in forma pauperis, in order to appeal the district court's denial of his 28

U.S.C. § 2255 motion. In his § 2255 motion, appellant claimed that: (1) the harsher penalties for

crack cocaine as compared with powder cocaine under the Sentencing Guidelines resulted in an

unconstitutional sentence; and (2) his counsel was ineffective for failing to (a) oppose the district

court's application of the Armed Career Criminal Act ("ACCA"), (b) timely file a motion to correct

A True Copy - Attested:
Clerk, U.S. Court of Appeals.
Eleventh Circuit

*Mary Hubron*
Deputy Clerk
Atlanta, Georgia

his sentence under Fed.R.Crim.P. 29 or 35; (c) raise the applicability of various Supreme Court decisions at sentencing, (d) investigate mitigating circumstances for sentencing, and (e) object to the sentencing court's treatment of the Sentencing Guidelines as mandatory. To merit a certificate of appealability, appellant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The district court correctly concluded that Claim 1 was precluded by appellant's knowing and voluntary waiver of the right to attack his sentence on direct appeal or collaterally. See United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006). With regard to Claims 2(a) through (e), the district court correctly concluded that appellant failed to show deficient performance and prejudice to the outcome of the proceedings. See Strickland v. Washington, 466 U.S. 668, 697, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674 (1984). Specifically, as to Claim 2(a), appellant failed to show deficient performance or prejudice because he properly was sentenced under the ACCA based on his separate and distinct prior burglary convictions. See United States v. Spears, 443 F.3d 1358, 1360 (11th Cir. 2006). As to Claim 2(b), appellant failed to demonstrate prejudice because Fed.R.Crim.P. 29 does not apply to sentencing and a motion under Fed.R.CrimP. 35 would have been meritless because appellant properly was sentenced under the ACCA.

In Claim 2(c), appellant argued that counsel was ineffective for failing to raise the applicability of various Supreme Court decisions at sentencing, including Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205

2

(2005). However, the record reveals that <u>Blakely</u> and <u>Booker</u> were addressed at appellant's sentencing. Moreover, appellant made only conclusory allegations with regard to <u>Apprendi</u> and <u>Almandarez-Torres</u>. See <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991). Also, a review of the record reveals that <u>Shepard</u> was not violated in connection with appellant's sentencing. See <u>Shepard</u>, 544 U.S. at 26, 125 S.Ct. at 1263; <u>Taylor v. United States</u>, 495 U.S. 575, 599, 110 S.Ct. 2143, 2158, 109 L.Ed.2d 607 (1990). Finally, in Claim 2(d), appellant made only conclusory allegations, see <u>Tejada</u>, 941 F.2d at 1559, and Claim 2(e) is belied by the record.

Accordingly, appellant's motion for a certificate of appealability is DENIED because appellant has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

Appellant's motion for leave to proceed on appeal <u>in forma pauperis</u> is DENIED AS MOOT.

UNITED STATES CIRCUIT JUDGE

3