IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>    v.                         )<br>  )<br>ADRIAN MOULTRY         ) | Civil Action No. 2:06cv79-MHT<br>(WO) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This action is before the court on petitioner Adrian Moultry ("Moultry")'s amended motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6). For the reasons discussed below, the court concludes that the "Rule 60(b)(6) motion" constitutes a successive motion for relief under 28 U.S.C. § 2255 and that such motion should be summarily dismissed.

### I.   BACKGROUND

On April 23, 2004, pursuant to a written plea agreement, Moultry pled guilty to possession with intent to distribute 5 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).[1]  Sentence was imposed by the district court on February 10, 2005. Moultry was sentenced to a total of 192 months' imprisonment, the sentence consisting of concurrent terms of 132 months each for Counts 1 and 2, to be served

---

[1] *See* Criminal Case No. 2:03cr267-MHT.

consecutively to a 60-month term for Count 3.  Moultry did not appeal.

On January 26, 2006, Moultry, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, asserting the following claims:

    1.    The harsher penalties for crack cocaine than for powder cocaine under the controlled substance statutes and the sentencing guidelines are unreasonable and unconstitutional.

    2.    He received ineffective assistance of counsel for the following reasons:

        a.    Counsel failed to oppose the court's application of the Armed Career Criminal Act to enhance his sentence based on his prior burglary convictions in Pike County, Alabama.

        b.    Counsel failed to file a timely motion to correct his sentence pursuant to Fed.R.Crim.P 29 or 35.

        c.    Counsel failed to raise the applicability of several Supreme Court decisions at sentencing.

        d.    Counsel failed to investigate mitigating evidence for sentencing purposes.

        e.    Counsel failed to object to the court's treatment of the sentencing guidelines as mandatory.

Doc. No. 1.[2]

The magistrate judge entered a recommendation finding that, to the extent Moultry's arguments regarding the penalties for crack cocaine asserted a separate substantive claim apart from any allegations of ineffective assistance of counsel, such a claim was barred by

---

[2] All references to document numbers are to documents docketed by the Clerk of Court in the instant civil action, Civil Action No. 2:06cv79-MHT.

the provision in the plea agreement whereby Moultry waived his right to collaterally attack his sentence except on the basis of ineffective assistance of counsel or prosecutorial misconduct. Doc. No. 15 at 3-4. The magistrate judge further found that Moultry's punishment was not determined by the nature or amount of the controlled substance involved in his drug offense, because he was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Id*. at 4-5. Consequently, the duration of his sentence was based on the statutory minimums mandated for his firearm convictions. *Id*. The magistrate judge also noted that even if the fact that Moultry's controlled substance offense involved crack cocaine played a part in the length of the sentence imposed on him, the sentencing court was not free to disregard the controlled substance statutes and the sentencing guidelines in fashioning Moultry's sentence. *Id*. at 5. The magistrate judge then addressed Moultry's various claims of ineffective assistance of counsel and found each claim to be without merit. *Id*. at 6-16.

On December 4, 2007, the district court adopted the magistrate judge's recommendation and entered a judgment denying Moultry's § 2255 motion. Doc. Nos. 18 and 19. Moultry's motion for a certificate of appealability was denied by the Eleventh Circuit on March 21, 2008. *See* Doc. No. 27.

On July 5, 2011, Moultry filed this motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(6),[3] presenting a claim that the district court erred by using police reports

---

[3] Moultry actually styles the motion as a "Motion for Relief from a Final Judgement Pursuant to
(continued...)

to determine that his prior burglary convictions were committed on occasions different from one another for purposes of sentencing him under the ACCA. Doc. No. 28. On December 12, 2012, Moultry filed a motion to amend his Rule 60(b)(6) motion, again alleging that the district court erred in using his prior burglary convictions to support his sentencing under the ACCA. Doc. No. 36. On July 17, 2013, Moultry filed a second motion to amend his Rule 60(b)(6) motion, this time asserting claims that his sentence under the ACCA violates the recent holdings by the United States Supreme Court in *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2013),[4] and *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).[5] Doc. No. 37.

## II.  DISCUSSION

"Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d

---

[3](...continued)
Federal Rule of Criminal Procedure Rule 60(b)(6)." Doc. No. 28 at 1. However, it is evident that his intent is to proceed under Rule 60(b)(6) of the Federal Rules of *Civil* Procedure.

[4] In *Descamps*, the Supreme Court held that a conviction for burglary in violation of California Penal Code § 459 is broader than generic burglary and therefore does not qualify as "burglary" under the enumerated-offenses clause of the ACCA's "violent felony" definition, 18 U.S.C. § 924(e)(2)(B)(ii). The Court further held that the modified categorical approach adopted in *Taylor v. United States*, 495 U.S. 575 (1990), and refined in *Shepard v. United States*, 544 U.S. 13 (2005), may not be applied to an indivisible statute such as § 459 to determine if the crime committed was a generic form of the offense. *Descamps*, 133 S.Ct. at 2283-85.

[5] In *Alleyne*, the Court held that the enhancers described in 18 U.S.C. § 924(c)(1)(A)(ii) and (iii) – brandishing or discharging a firearm – triggering higher mandatory minimum sentences, must be treated as elements of separate, aggravated offenses, to be alleged in the indictment and proved beyond a reasonable doubt. 133 S.Ct. at 2156-63.

1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1. Thus, it is well settled that Fed.R.Civ.P. 60 does not provide a vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Antiterrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999). In the context of motions under Fed.R.Civ.P. 60 or some other heading, a party's label is not binding on the court, and a court may discard an inappropriate label to render a decision based on the motion's substance. *See Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir. 1983). When a *pro se* petitioner brings a motion under Rule 60 or some other label, the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams*, 510 F.3d at 1293-95. If construed as an unauthorized second or successive § 2255 motion, the district court lacks subject matter jurisdiction. *Id*. at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[6] If the motion seeks

---

[6] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover,
(continued...)


1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, applies only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1. Thus, it is well settled that Fed.R.Civ.P. 60 does not provide a vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

A federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the Antiterrorism and Effective Death Penalty Act ("AEDPA") simply by characterizing his motion as one filed under separate rules or statutes. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999). In the context of motions under Fed.R.Civ.P. 60 or some other heading, a party's label is not binding on the court, and a court may discard an inappropriate label to render a decision based on the motion's substance. *See Smith v. United States Parole Comm'n*, 721 F.2d 346, 348 (11th Cir. 1983). When a *pro se* petitioner brings a motion under Rule 60 or some other label, the district court may appropriately construe it as a § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams*, 510 F.3d at 1293-95. If construed as an unauthorized second or successive § 2255 motion, the district court lacks subject matter jurisdiction. *Id*. at 1295.

In *Gonzalez v. Crosby*, 545 U.S. 524 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under Rule 60 should be construed.[6] If the motion seeks

---

[6] *Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief. However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Moreover,
(continued...)

to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 action as a second or successive § 2255 motion and dismiss it accordingly. *Id.*; *see also Williams*, 510 F.3d at 1293-94. By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 action as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532-33; *see also Williams*, 510 F.3d at 1294. Such actions are properly brought under Rule 60 and can be ruled on by the district court without the pre-certification from the court of appeals that is ordinarily required for a second or successive § 2255 motion. *Id*. at 538.

The Supreme Court in *Gonzalez* described a "claim" as "an asserted federal basis for relief from a ... court's judgment of conviction." 545 U.S. at 530. The Court further explained that

> [t]he term "on the merits" has multiple usages. We refer here to a determination that there do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (b). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.

---

⁶(...continued)
the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, 172 Fed. App'x 942 (11ᵗʰ Cir. 2006); *United States v. Terrell*, 141 Fed. App'x 849 (11ᵗʰ Cir. 2005).

*Id*. at 532 n.4 (citations omitted).

Here, Moultry's arguments that the district court erred in using his prior burglary convictions to support his sentencing under the ACCA, as well as his arguments that his sentence violates the holdings in *Descamps* and *Alleyne,* clearly constitute "claims" as defined in *Gonzalez*, as they adds new grounds for relief from the underlying judgment of conviction or sentence and do not assert some defect in the integrity of the proceedings on Moultry's prior § 2255 motion.  Thus, Moultry's instant motion constitutes a successive motion for relief under 28 U.S.C. § 2255.

The AEDPA provides that to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

The pleadings and documents in this case reflect that Moultry has not received certification from the Eleventh Circuit Court of Appeals authorizing this court's consideration of his successive § 2255 motion.  Accordingly, this court lacks the jurisdiction

to consider Moultry's present motion, and the motion is due to be summarily dismissed. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for relief filed by Moultry on July 5, 2011 (Doc. No. 28), as amended on December 12, 2012, and July 17, 2013 (Doc. Nos. 36 and 37), be DISMISSED, as Moultry has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before November 8, 2013.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 21st day of October, 2013.

                                     /s/ Terry F. Moorer
                                     TERRY F. MOORER
                                     UNITED STATES MAGISTRATE JUDGE